670 A.2d 1155

**Gloria Jean HOLCOMB**

v.

**David Edward HOLCOMB, Appellant.**

**Gloria Jean HOLCOMB, Appellant,**

v.

**David Edward HOLCOMB.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 1995.

Filed Jan. 31, 1996.

Walter P. Eells, West Chester, for David Edward Holcomb.

Richard P. Klein, West Chester, for Gloria Jean Holcomb.

Before BECK, HUDOCK and OLSZEWSKI, JJ.

BECK, Judge.

Husband appeals and wife cross-appeals the trial court's order modifying the original order of child support. We affirm.

The parties were married in June, 1972 and had two daughters. In June, 1992 they divorced and an order setting out support obligations was entered. In June, 1993, the parties' older daughter was graduated from high school. In June, 1994, Husband filed a petition to modify the support order, claiming the following changed circumstances: a decrease in his income, an increase in Wife's income and the emancipation of their older daughter. A hearing on the petition was held and the hearing officer made these recommended findings:

Husband's monthly income had decreased from $4,900.00 to $3,395.00;

Wife's monthly income had increased from $1,500.00 to $1,957.00; and

The parties older daughter was emancipated as of the date of her graduation from high school. As a result, Husband

was entitled to credit for support payments he made for her from the date of her emancipation forward. To this end, Husband would be credited $150.00 per month in his support payments for his younger daughter until the full amount ($7,545.00) was absorbed.

Both parties filed exceptions to the Hearing Officer's Recommendations. Husband claimed his income was calculated too high while Wife claimed Husband's income was calculated too low. Wife further claimed that Husband was not entitled to a credit for the post-emancipation support payments beyond the date of his petition to modify.

The trial court reevaluated the calculations underlying Husband's income and found some errors, resulting in a monthly income of $3,272.00. It also found that Husband was entitled to a modification of his support payments only as of the date of his petition, not the date of emancipation.

On appeal, Husband asserts that the order of support should have been modified as of the date of his daughter's emancipation. On cross-appeal, Wife asserts that the trial court set Husband's monthly income too low.

■ Our standard of review is whether the trial court abused its discretion, that is, misapplied the law, exercised judgment that was manifestly unreasonable or showed partiality, bias or prejudice in reaching its decision. *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628, 631 (1992).

■ With respect to the trial court's careful evaluation of Husband's income, we find no abuse of discretion. The record reflects that Husband presented his tax return and income statement in an effort to establish that his monthly net income was $2,792.98. He also testified at length about his expense account, his bonuses, his 1099 income and his income from a rental property owned by both parties. Wife's counsel cross-examined Husband on all of these issues in an attempt to show that Husband's actual income was $4,018.00. All supporting documents were admitted into evidence. Our review of the record leads us to conclude that the trial court fairly and accurately determined Husband's monthly income at $3,272.00.

We find no abuse of discretion and, therefore, will not disturb the trial court's findings.

■ The other issue in this case is more complex. Husband urges us to accept the reasoning of the Hearing Officer who determined that Husband was entitled to a full credit for all support payments he made for his older daughter after the date of her emancipation. This included twelve months of payments Husband made after his daughter was graduated from high school and before he filed his petition to modify. Wife insists that Husband cannot be credited for any payments made prior to the date of his petition to modify.

Both parties rely on the following statute:

§ 4352 Continuing Jurisdiction Over Support Orders

\*    \*    \*    \*    \*    \*

(e) Retroactive modification of arrears.—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of emancipation of the child for whose support the payment is made.

Upon its review of the statute, the trial court stated that had Husband failed to make support payments for his older daughter after her emancipation, the arrears accrued could have been remitted under § 4352(e). The trial court further reasoned:

We have no authority, however, to require [Wife] to repay monies received for the support of her children. Mother was not put on notice that the monies received were, in effect, a prepayment of child support owed on behalf of the younger daughter. To now require repayment of those sums through a reduction of support for [younger daughter] would be unfair to the younger daughter. [Husband] makes no claim that he was precluded from filing a petition to modify by reason of disability, misrepresentation, or any other compelling reason. [Husband's] request for modification of the previous support order, prior to the date of filing his petition to modify, is denied.

The trial court found that the case law interpreting § 4352(e) was inapplicable here because this case does not concern arrearages. It then applied § 4352(e) and held since the statute prohibits a trial court from modifying an order retroactively, Husband's request for a credit from the date of emancipation must be denied.

It is true that the first three sentences in § 4352(e) appear to apply to all petitions for modification, whether or not the obligor is in arrears.[1] However, the entire subsection is titled "Retroactive Modification of Arrears," therefore, by its plain meaning the subsection refers only to those cases where arrears are at issue.[2]

Since § 4352(e) applies only to arrears, the retroactivity issue in this case is governed by our standard retroactivity rules for support orders. An order modifying an order of support is effective from the date of the filing of the petition for modification, unless the court specifies otherwise. *See* Pa.R.Civ.P. 1910.17(a) (fixing effective date of support order at date of filing complaint); *Young v. Muthersbaugh,* 415 Pa.Super. 591, 609 A.2d 1381, 1384 (1992) (modification of support

---

1. The statute mandates that "no court shall modify or remit *any support obligation.*" *See* 23 Pa.C.S.A. § 4352(e) (emphasis supplied)

2. Clearly, the last sentence in subsection (e) explicitly refers to arrears. "In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made." 23 Pa.C.S.A. § 4352(e).

order is to be retroactive to the date when modification was first sought unless court sets forth reasons for failing to do so on the record).

Husband claims it is unfair that he cannot receive a credit for his post-emancipation payments when an obligor who simply refuses to pay would have his arrears remitted under § 4352(e). Husband reminds us that his wages were attached pursuant to court order, thereby precluding him from refusing to make support payments. Our response to this argument is quite simple. Nothing prevented Husband from filing a petition for modification on the date his daughter became emancipated. If it is true that he would have ceased making payments for his older daughter's support on that date had he the ability to do so, then it is also true that he was aware that circumstances had changed and he was entitled to have his support obligation reduced. Despite this awareness, he waited a full year before petitioning the court for modification.

Section 4352(e) cannot provide Husband relief in this instance. Like all successful petitioners who seek modification of a support order, the modification granted is effective as of the date the petition was filed.[3]

Order affirmed.

OLSZEWSKI, J., files a concurring and dissenting opinion.

---

3. The dissent states that our holding today effectively overrules our decision in *Miller v. Miller*, 353 Pa.Super. 194, 509 A.2d 402 (1986). *Miller* involved a request by mother for education expenses for her emancipated son. This court reversed and remanded, holding that the trial court failed to consider 1) son's potential for contribution, 2) mother's ability to contribute and 3) post-emancipation payments father made directly to son. With respect to the direct payments father made to son, this court stated that father should receive credit for those payments which were not designated as gifts. *Id.* at 198, 509 A.2d at 404.

In light of the statutory mandate that forbids a court from ordering a parent to make support payments for a child after he or she becomes emancipated, *see* 23 Pa.C.S.A. § 4323(a), and the holding in *Miller* which grants father in that case a credit for post-emancipation payments, the dissent concludes that credit likewise must be granted in the instant case. We disagree.

The facts in *Miller* are materially different from this case in that *Miller* involved a post-emancipation request for education support

OLSZEWSKI, Judge, concurring and dissenting.

I agree with the majority that the trial court did not abuse its discretion in the determination of Husband's monthly income to be $3,272. Further, I agree with the majority that 23 Pa.C.S.A. § 4352(e) is not applicable to the second issue, whether the order of support should have been modified as of the date of emancipation with Husband receiving credit for excess payments made from such date, because such statute relates only to arrearage situations. However, I respectfully disagree with my learned colleagues as to their disposition of the second issue.

While I am most reluctant to disagree with the majority, I find that to agree would overrule our holding in *Miller v. Miller,* 353 Pa.Super. 194, 509 A.2d 402 (1986). In *Miller,* we held that a husband could receive credit for support payments made directly to his child after the date of such child's emancipation. *Id.* at 198, 509 A.2d at 404. In the instant case, however, the majority finds that Husband can receive credit for excess post-emancipation support payments made only after the date of the petition to modify the support order, not the date of emancipation. *See infra.* 23 Pa.C.S.A. § 4323(a) states that the "court shall not order either or both parents to pay for the support of a child if the child is emancipated." *Id.* Hence, the statute recognizes that a parent cannot be ordered to pay support for a child after the date of emancipation and *Miller* recognizes that a parent can

payments. Father opposed such payments, the matter was fully litigated and an order was entered directing father to make payments in the amount of $300.00 per month. This court ordered that a credit be applied against the court ordered payment for the payments father gave to son directly. *Miller* holds that where an outstanding order for post-emancipation support exists, an obligor who has made payments directly to the child must receive credit for such payments against his court-ordered obligation.

Here, there is no court order directing father to make post-emancipation payments. This fact makes 23 Pa.C.S.A. § 4323(a) inapplicable and distinguishes this case from *Miller.* Appellant failed to seek cessation of his support obligation either by stopping payments (as was done in *Miller* but which could not be accomplished here due to the wage attachment) or by promptly filing a petition to modify. He cannot now receive a credit for post-emancipation payments, and *Miller* does not entitle him to one.

receive credit for such payments made following the date of emancipation. To allow Husband credit for excess support payments made only back to the date of the petition would overrule *Miller*, which we have no power to do. Therefore, I find that the trial court abused its discretion in ordering credit to be given to Husband for excess support payments made only after the date of the petition, as credit should have properly accrued to Husband for such payments made beginning on the date of the child's emancipation. *Miller, supra.*