**Anne KELLEHER, Appellee**

**v.**

**Raymond G. BUSH, Appellant.**

Superior Court of Pennsylvania.

Argued May 22, 2003.

Filed Sept. 4, 2003.

Susan M. Grant, Bethlehem, for appellant.

Before: TODD, GRACI and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Following the filing of a petition for modification of an existing support Order by Anne Kelleher, the trial court entered a final support Order on October 8, 2002. Raymond Bush appeals therefrom, arguing the Order is invalid because its effective date precedes the date of the filing of the petition for modification.[1] Upon review, we vacate and remand.

¶ 2 On February 11, 2002, appellee filed a petition for modification of a support Order. Thereafter, on *June 25, 2002,* an interim support Order was issued which had an effective date of *June 24, 2001,* that date preceding the filing date of the modification petition by nearly eight (8) months. Following a *de novo* hearing, a final support Order was entered on October 8, 2002, which fixed appellant's monthly payment at $1,421 and reaffirmed the June 25, 2002 interim Order with an effective date of June 24, 2001. This appeal followed.

¶ 3 Appellant raises the following issue for review:

> Whether The Lower Court Misapplied The Law In Ordering That The October 8, 2002 Support Order Be Made Retroactive To June 24, 2001 When Appellee[']s Petition For Modification Was Filed February 11, 2002?

Appellant's brief at 4.

¶ 4 The scope of review in a typical support matter is whether the trial court has abused its discretion. *Blue v. Blue,* 532 Pa. 521, 616 A.2d 628 (1992). Our standard of review is whether the trial court abused its discretion, that is, misapplied the law, exercised judgment that was manifestly unreasonable or showed partiality, bias or prejudice in reaching its decision. *Holcomb v. Holcomb,* 448 Pa.Super.

1. Appellee, Anne Kelleher, failed to file a brief in this matter.

154, 670 A.2d 1155 (1996), *citing Blue, supra* at 526, 616 A.2d at 631.

¶ 5 Appellant relies entirely on the Domestic Relations Code, 23 Pa.C.S.A. § 4352, Continuing jurisdiction over support orders, for the proposition that it is impermissible to issue a support Order with an effective date predating the filing date of the modification petition which set the underlying action in motion. More specifically, appellant directs our attention to subsection 4352(e) which reads as follows:

> § 4352. **Continuing jurisdiction over support orders**
>
> * * *
>
> (e) **Retroactive modification of arrears.**—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition. In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

*Id.* As it is titled "**Retroactive Modification of Arrears**" the plain text indicates this subsection refers only to those cases where arrears are at issue. 23 Pa.C.S.A. § 4352(e); *Holcomb, supra* at 1157–58. Since § 4352(e) applies only to arrears, the retroactivity issue in this case is governed by the standard retroactivity rules for support orders, **Pa.R.C.P.1910.17, Support Order. Effective Date. Change of Circumstances. Copies of Order.** *See Holcomb* at 1158.

¶ 6 In pertinent part Rule 1910.17(a) provides, "[a]n order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise." *Id.* Consequently, modification of a support Order is to be retroactive to the date when modification initially was sought unless the court sets forth reasons *for failing to do so on the record. Holcomb, supra* at 1158 (emphasis added).

¶ 7 With the above principle in mind, we must decide whether or not the trial court's Order, retroactive to a date that precedes the date of the filing of the support modification petition by nearly eight (8) months, is permissible at law. Close scrutiny of Pa.R.C.P.1910.17(a) compels a finding that it is not. The trial court relies on the language found in the rule to justify the effective date of its final Order and contends that since the Order specifies *why* the effective date is not the date of the filing of the support modification petition,[2] the Order complies with the applicable rules of civil procedure and, therefore, is legally valid. Trial Court Opinion, Hogan, J., 1/13/03. We decline to adopt the trial court's reading of Rule 1910.17(a) for the following reasons.

2. The trial court indicates that the parties agreed to give appellant credit for six hundred dollars ($600.00) paid by him for a period which predated the date of the modification petition. The trial court explained that it was unwilling to give appellant the credit without changing the effective date of the Order.

¶ 8 Consideration of Rule 1910.17(a) in isolation and verbatim can create the impression proffered by the trial court. Such a reading of Rule 1910.17(a), however, would permit trial court judges to determine the effective date of a support Order with unlimited discretion as long as they provide any reason for doing so. Theoretically, if we were to adopt the trial court's reading of the Rule, then the effective date of a support Order resolving an underlying controversy could have no recognizable relation to the date of the filing of the petition or complaint which initiated the underlying action. We do not believe Rule 1910.17(a) was enacted to empower trial court judges with such unlimited discretion.

¶ 9 We believe Rule 1910.17 was implemented to limit discretion by mandating judges to provide a concise explanation each time they deviate from the filing date of the petition for support while finding the petitioner is entitled to support. In this jurisdiction, there is a sound policy to make a support award retroactive to the date on which such relief was formally requested. *See Bowser v. Blom,* 766 A.2d 1259 (Pa.Super.2001); *see also Crawford v. Crawford,* 429 Pa.Super. 540, 633 A.2d 155 (1993) This long-standing policy exists, in part, because the aim of retroactive support is to "alleviate hardship on a party who is entitled to support but who is required to proceed through the often slow moving judicial process." *Crawford, supra* at 163, *quoting Commonwealth ex. rel. Bishop v. Bishop,* 234 Pa.Super. 600, 341 A.2d 153, 155 (1975). This policy favoring retroactivity as pronounced by Rule 1910.17(a) and our case law, however, does not render justification for making a support Order retroactive to a date which precedes the filing date of a modification petition. To do so would be tantamount to penalizing a payor, in this case appellant, for faithfully adhering to the valid support Order then in effect.

¶ 10 Further, a study of our case law interpreting Rule 1910.17(a) indicates that the scope of the retroactivity policy is confined to making a support Order retroactive to the filing date of the complaint only. *See Bowser v. Blom,* 766 A.2d 1259 (Pa.Super.2001); *Holcomb supra; Crawford supra.* The above policy is based on the rationale that once a party is deemed entitled to support, such party should receive support retroactive to the filing date of such request unless there are specific reasons to deny retroactivity. As such, the applicability of this principle was intended and must be limited to situations where a trial court judge determines a party should receive support beginning a date *subsequent* to the filing date of the complaint.

¶ 11 In sum, there is simply no legal precedent or legitimate reason to expand the policy of retroactivity articulated in Rule 1910.17(a). As such, the new support Order cannot be effective any earlier than February 11, 2002—the filing date of the modification petition.[3]

¶ 12 Order vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

3. We note that if appellee believed changes to the then-existing support Order were necessary as of June 24, 2001, she could have filed a petition for modification on that date; nothing prevented her from doing so. We also note that the issue of appellant being given credit for payments made prior to February 11, 2002 is now subject to review.