**Scheiner v. Scheiner**

C.P. of Monroe County, no. 1 DR 2000.

*Jeffrey J. Kash,* for plaintiff.
*Barry J. Cohen,* for defendant.

WALLACH MILLER, *J.,* November 30, 2004—The parties are the parents of a 9-year-old daughter who lives primarily with plaintiff in Long Island. Plaintiff is a 41-year-old attorney licensed in three states who now works as a teacher's aide in her daughter's middle school and additionally works as an independent contractor revising a legal publication for a publisher. Defendant is a high school graduate who is a delivery man for Penny-Wise Fuel Company although presently on unemployment. Defendant's expectation is that this is a short-term seasonal lay-off.

The parties divorced on October 8, 2003. Prior to the divorce, plaintiff filed for child support and defendant filed for spousal support. On September 19, 2001, the court ordered that neither party was entitled to support as the child support from defendant to plaintiff was offset by the spousal support to be paid by plaintiff to defendant.

On December 19, 2003, plaintiff filed a petition for modification of the September 19, 2001 order to elimi-

nate her obligation to pay spousal support and to modify the child support order. The plaintiff was initially notified by the Monroe County Domestic Relations Office that the file was closed as no payments were due under the order. The Domestic Relations Office amended their position and a conference was scheduled for March 18, 2004. Plaintiff did not appear at the time set for the conference and the petition was dismissed. Plaintiff filed an appeal to the dismissal and requested a master's hearing. The Domestic Relations Office, rather than scheduling a master's hearing for a conference that never took place, reversed their dismissal of the petition and rescheduled the support conference for May 7, 2004. Following that conference, the defendant appealed the determination of the conference officer and a hearing was held before the support master on August 5, 2004.

Plaintiff now files exceptions to the master's report.

Her first exception is whether the determination of May 7, 2004 (the date of the rescheduled Domestic Relations conference) is the effective retroactive date for the support order when the petition for modification was filed on December 19, 2003. Her second exception is whether the master erred in assessing the plaintiff an income of $62,500 per year.

On the first exception, the plaintiff argues December 19, 2003, is the effective retroactive date for the support order. We disagree. Modification of a support order is to be retroactive to the date when modification initially was sought unless the court sets forth reasons for failing to do so on the record. *Kelleher v. Bush,* 832 A.2d 483 (Pa.

Super. 2003); *Holcomb v. Holcomb,* 448 Pa. Super. 154, 670 A.2d 1155 (1996).

On March 18, 2004, the plaintiff was scheduled for a conference with the Domestic Relations Office. The defendant appeared at the scheduled time with his attorney ready to proceed. The plaintiff failed to appear. The Domestic Relations Office waited a reasonable amount of time before dismissing the petition. As the master noted, when he determined the retroactive date to be May 7, 2004, the date of the rescheduled conference, every litigant has an obligation to arrive on time and litigants should consider travel time and traffic conditions. In this instance, the plaintiff indicated no unusual circumstances that would excuse her failure to appear on time other than traffic. The reason is stated in the record and supports the retroactive date of May 7, 2004.

Additionally, plaintiff argues her claims under the December 19, 2003 petition should have been preserved and she is being penalized for Domestic Relations' action in dismissing her petition. She requested a hearing de novo as allowed under Pa.R.C.P. 1910.12, not a rescheduled conference. Relying on *Warner v. Pollock,* 434 Pa. Super. 551, 644 A.2d 747 (1994), the plaintiff argues that she does not need to have a reason for demanding the hearing and once a party demands a hearing she would be entitled to litigate as if it were the first proceeding. We find that reliance misplaced. In *Warner, supra,* the court reversed and remanded the case where the parties had a Domestic Relations hearing and father was denied a judicial hearing because he refused to assign reasons for the appeal.

Although the plaintiff need not have a reason to appeal the decision of the conference officer, Pa.R.C.P 1910.12 does require both parties attend an office conference and at the conclusion of the conference, if an agreement is not reached, the parties will then be given notice of a hearing date. At the August 5, 2004 master's hearing, the master stated had the Domestic Relations office placed plaintiff's appeal on the hearing list, he would have sent the case back for conference anyway. (N.T. p. 2.) Plaintiff has not been penalized as a result of Domestic Relations' actions. Plaintiff has had a conference, a master's hearing and now judicial review of her case.

The second exception to the master's report is the plaintiff's imputed earning capacity of $62,500. "A person's earning capacity is defined not as an amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training." *Strawn v. Strawn,* 444 Pa. Super. 390, 395, 664 A.2d 129, 132 (1995). The factors used in determining earning capacity are age, education, training, health, work experience, earning history and child care responsibilities. Pa.R.C.P. 1910.16-2(d)(4).

Plaintiff presently earns $58.50/day for 180 days of the school year ($10,854) for her work as a teacher's aide at a middle school. She earns an additional $8,000 per year from Matthew Bender publishing company updating a publication. She reviews case law, treasury regulations and the Internal Revenue Code and incorporates

them into the update for the periodical. (N.T. 14-15.) She has a license to practice law in New York, New Jersey and Pennsylvania. She has previously had a law practice from 1990-1998 which included real estate closings, drafting of wills, and estate administration. (N.T. 18.) Plaintiff describes her experience as limited, not doing litigation or handling complex matters. She has also worked as an editor for Matthew Bender from 1986-1993. (N.T. 18.) She has not applied for a position as an attorney in over a year (N.T. 35) and has decided not to make that her career. (N.T. 35.)

Plaintiff presently lives with her boyfriend and his parents in Long Island and most of her expenses are paid for by her boyfriend's parents, thereby reducing her need to generate income. (N.T. 34.)

Plaintiff argues that, similar to *Woskob v. Woskob,* 843 A.2d 1247 (Pa. Super. 2004), where the court held that earning capacity should be based in reality not something which is nonexistent, her income potential is limited as she has hardly practiced law. She argues that she has not refused lucrative positions nor has she chosen lower paying work in order to increase defendant's support obligation, and that she should not be assessed a lawyer's salary just because she has a law degree.

She argues that defendant's position that she has an earning capacity of $100,000 based on location and professional license is flawed and was rejected in *Dennis v. Whitney,* 844 A.2d 1267 (Pa. Super. 2004). There, the husband had a degree in engineering but had never worked as an engineer and there were no jobs in the engi-

neering field where he lived. For the prior 10 years, the husband worked as a farmer. The Superior Court affirmed the income capacity as a farmer. We do not find the facts analogous because plaintiff does have experience as an attorney, and there is no evidence that the job opportunities for an attorney are not available in her area.

What is clear to the court is that the plaintiff is underemployed based on her education and experience. She has voluntarily ceased looking for employment as an attorney and chosen to work as a teacher's aide. Child support is a shared responsibility requiring both parents to contribute to the support of their children in accordance with their relative incomes and ability to pay. *Portugal v. Portugal,* 798 A.2d 246 (Pa. Super. 2002). Plaintiff is capable of working as an attorney and has not demonstrated that work is not available in this field. Unfortunately, there was no evidence in the record to support the master's determination that $62,500 is an appropriate earning capacity. Recognizing the difficulty presented in determining a realistic salary figure for the plaintiff, we remand this matter to the master for further hearing on this issue and advise that we are willing to accept telephonic testimony from a career service representative from New York-based law schools, or entry-level job postings from other sources that have been certified by the Career Services Office of a New York-based law school as indicative of plaintiff's earning potential as an attorney.

Based on the foregoing, we enter the following order.

## ORDER

And now, November 30, 2004, plaintiff's first exception is dismissed and plaintiff's second exception is remanded to the master for a full evidentiary hearing to be scheduled by the Domestic Relations Office.