## Bomberger v. Bomberger

C.P. of Lawrence County, No. 375 CIVIL 2006

*James W. Manolis*, for plaintiff.
*Phillip L. Clark, Jr.*, for defendant.

HODGE, *J.*, January 16, 2014—Before the court for

disposition are competing requests to modify the existing support order entered on behalf of the plaintiff, Julie M. Bomberger (hereinafter, "wife"), and against the defendant, William G. Bomberger (hereinafter, "husband"). The court will also consider husband's petition to redirect support payments within this opinion and corresponding order of court. Prior to addressing the merits of the instant support action, the court will provide the following summation of this case's factual and procedural history:

The parties were married on June 10, 2006. During the course of their marriage, husband was self employed as the sole owner and operator of New Castle Harley Davidson, Inc. (hereinafter, "Harley Dealership"). Husband and wife also started a second business, Paul's Specialty Meat Market, Inc. (hereinafter, "Paul's Market"). Wife is named as the sole shareholder of Paul's Market, and she works primarily at this business. Wife initiated the instant support action on June 30, 2011, and husband subsequently filed a complaint in divorce on August 9, 2011. The support action was designated complex and heard before the court on August 14, 2012 and September 17, 2012. On December 18, 2012, this court entered an order requiring husband to pay wife spousal support in the amount of $13,937.32 per month.

On April 30, 3013, wife filed a petition to modify the December 18, 2012 support order, wherein wife claimed husband's income increased. Wife requested the modification be applied retroactively from January 1, 2013.[1] On May 30, 2013, husband filed a counter petition

---

1. Wife's counsel indicated that wife's petition for modification was filed pro se. Wife's counsel indicated that wife intended her request to be retroactive from January 1, 2012. Because this case was before the court for a de novo hearing, the court took wife's request under advisement,

to modify the existing support order, wherein husband alleged a decrease in income. The parties' petitions were consolidated for this court's consideration and heard on October 17, 2013. Following the submission of briefs, the case is properly before the court for a determination.

The court will first address the effective date of this support order. Wife requests this court enter an order retroactive to January 1, 2012. Wife's request is based on her realization that husband's income was higher in 2012 than previously assessed by this court. Wife stated that she filed for modification within a month of being provided documentation of husband's earnings following discovery requests in the divorce action. Although husband has provided the court with a clear delineation of his income for 2012 and projected income for 2013, husband objects to the retroactive application. Husband argues that the effective date of the new support order should be April 30, 2013, the date of filing. Husband alternatively argues that if the court does apply a retroactive effective date, wife should only be entitled to a modified support award beginning January 1, 2013 and not January 1, 2012 as requested at the de novo hearing.

Generally, modification of support is governed by Pa.R.C.P. 1910.17. Pursuant to Rule 1910.17 a court cannot implement an effective date earlier than the filing date of the underlying petition for modification. *Kelleher v. Bush*, 832 A.2d 483 (Pa. Super. 2003). The instant case, however, involves an arrearage of support. Therefore, the limitations set forth in Rule 1910.17 do not apply, and section 4352 of the Domestic Relations Code does apply. *See e.g. Maue v. Gilbert*, 839 A.2d 430 (Pa. Super. 2003);

pending the instant determination.

*Kelleher v. Bush, supra.* Section 4352 permits retroactive application of support if

> the petitioner was precluded from filing a petition for modification by reason of a misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition.

23 Pa.C.S.A. § 4352(e). Based on the foregoing authority, the court concludes that it has the authority to retroactively assign a new support obligation, provided that wife establishes justification for doing so pursuant to 23 Pa.C.S.A. §4352.

The difficultly with the instant case is that husband's income cannot be exactly calculated on an annual basis. Husband's income is exactly defined in the subsequent year when husband's accounting and taxes are completed. This results in a speculative analysis of husband's income if the issue of his income is before the court in the same year that is being evaluated. A thorough review of the transcripts from prior proceedings warrants the conclusion that husband has made a genuine effort to provide the court with an accurate estimation of his income. However, the estimates provided to the court are not consistent with the figures now available. Thus, husband did not misrepresent his income to wife or the court, but wife was precluded from obtaining husband's exact income due to the nature of husband's revenue sources. Additionally, wife testified that she promptly filed a petition for modification of support after discovering husband's 2012 income. The court concludes that wife has demonstrated compelling justification for retroactive application of the modified support order pursuant to Section 4352.

Having addressed the issue of retroactivity, the court will next consider the parties' income from January 1, 2012 to the present for the purposes of entering a support award. The parties have previously stipulated to their respective incomes for the year 2012. In 2012, husband's monthly net income was $49,464.00, and wife's monthly net income was $1,788.96. The corresponding support order will assess the parties accordingly. The remaining issue before the court is husband's 2013 income.[2]

It is well settled that a trial court must consider the actual disposable income of the parties when determining the financial obligation that should be imposed upon the payor spouse. *Fennell v. Fennell*, 753 A.2d 866, 868 (Pa. Super. 2000) (quoting *Labar v. Labar*, 731 A.2d 1252, 1255 (Pa. 1999)). Actual disposable income is the financial resources available to the parties and not the "fictional financial picture" created by the standard federal income tax return. *Id.* Thus, deductions or losses, as denoted in a corporation's book of accounting or an individual's federal income tax return, are irrelevant when determining actual disposable income, unless such figures denote an actual deduction in available income. *Id.*

Husband had several sources of income in 2013. Husband received wages, income from interest, investment income, rental income and income from his Harley Dealership. The court outlines husband's 2013 income as follows:

Wages        $55,762.00

---

2. Wife's monthly net income has not changed from 2012. Any variation in the support obligation will be derived from a change in husband's monthly net income.

Interest     $361.00

Dividends  $8,053.00

Capital Gains     $878.00

Rental Income     $63,490.00

Harley Dealership $1,385,495.00[3]

$1,514,039.00

Husband's income, as outlined about, results in husband receiving a gross income totaling $1,514,039.00 in 2013, which results in a monthly net income of $104,850.00.

Husband's 2013 gross income becomes the court's starting point for the following analysis. Husband contends that in 2013 he was required to make substantial improvements to his Harley Dealership so that husband could remain in good standing with Harley Davidson, Inc. Husband stated that if these improvements were not initiated in 2013, he would have lost his ability to sell a significant portion of his inventory supplied by Harley Davidson, Inc. The loss of available inventory would have resulted in a drastic reduction of husband's income from his Harley Dealership. Wife alternatively contests the necessity of the improvements and the reasonableness of the funds expended by husband for this purpose. Wife believes that husband utilizes his Harley Dealership to shelter his cash flow, and wife asserts that husband made the improvements to his dealership to avoid a larger

---

3. The 2013 income from husband's Harley Davidson Dealership is based upon an actual income of $923,663.00 from January 1, 2013 through August 31, 2013. The actual income for the eight month period has been annualized for 2013 to arrive at a purported income of $1,385,495.00.

support obligation.

For guidance, the court looks to the case of *Heisey v. Heisey*, 633 A.2d 211 (Pa. Super. 1993). In *Heisey*, the Superior Court of Pennsylvania was asked to consider whether the trial court's computation of husband was correctly calculated. 633 A.2d at 212. Wife asserted that the trial court incorrectly relied on figures supplied by husband via his federal income tax returns to arrive at its ultimate determination. *Id.* Upon review, the Superior Court held that it was error for the trial court to automatically subtract business expenses and losses husband reported on his corporate federal income tax return. *Id.*; *see also*: *Fennell v. Fennell*, 753 A.2d 866, 868 (Pa. Super. 2000)("[T]he owner of a closely-held corporation cannot avoid a support obligation by sheltering income that should be available for support by manipulating salary, perquisites, corporate expenditures, and/or corporate distribution amounts."); *McAuliffe v. McAuliffe*, 613 A.2d 20, 22 (Pa. Super. 1992) ("Depreciation and depletion expenses that are allowed under federal income tax law will not automatically be deducted from gross Income for the purpose of determining support responsibilities."); *Flory v. Flory*, 527 A.2d 155, 157 (Pa. Super. 1987) (trial court erred by calculating father's income based on income reported on tax return alone; "[f]ederal income tax law permits deductions that may not reduce a [party]'s disposable income").

Alternatively, however, it is just as improper to attribute as income funds not actually available to the payor spouse. *Fennell*, 753 A.2d at 868; *Labar*, 731 A.2d at 1256 (loans made to a corporation for making capital expenditures cannot be characterized as income to owners of the corporation); *Calabrese v. Calabrese*, 682 A.2d 393, 396 (Pa. Super. 1996) (a fair representation of the payor's

income must be determined prior to entry of a support obligation).

In the present case, husband contends that the expenses made to his Harley Dealership were necessary to ensure the future interests of his company. Husband stated that in 2013 he spent $909,009.00 in capital improvements to his Harley Dealership. Husband offered numerous letters from Harley Davidson, Inc. to support his contention that the improvements were actually necessary. The court acknowledges that if husband had not made these improvements in 2013, the funds expended could have been available to him and considered for the purposes of establishing husband's support obligation. However, the court concludes that husband has met his burden of establishing that the expenditures were necessary for the continued operation and smooth running of the business, thus refuting wife's allegation that husband's has sheltered his cash flow via his corporation. *See e.g.*; *Labar* 731 A.2d 1252 (Pa. 1999); *McAuliffe, supra.*

Having justified husband's 2013 capital expenditures made on behalf of the Harley Dealership, the court will reduce his gross income of $1,514,039.00 by $909,009.00, resulting in an actual gross income of $605,030.00. Husband next contends that his annual gross income should further be reduced pursuant to Rules 1910.16-6(e) and 1910.16-5(b) of the Pennsylvania Rules of Civil Procedure for payments Husband made on loans taken out by the parties during their marriage to fund Paul's Market.

Rule 1910.16-6 provides as follows:

Additional expenses permitted pursuant to this rule 1910.16-6 may be allocated between the parties even

if the parties' incomes do not justify an order of basic support.

\* \* \*

(e) Mortgage Payment. The guidelines assume that the spouse occupying the marital residence will be solely responsible for the mortgage payment, real estate taxes, and homeowners' insurance. Similarly, the court will assume that the party occupying the marital residence will be paying the items listed unless the recommendation specifically provides otherwise. If the obligee is living in the marital residence and the mortgage payment exceeds 25% of the obligee's net income (including amounts of spousal support, alimony pendente lite and child support), the court may direct the obligor to assume up to 50% of the excess amount as part of the total support award. If the obligor is occupying the marital residence and the mortgage payment exceeds 25% of the obligor's monthly net income (less any amount of spousal support, alimony pendente lite or child support the obligor is paying), the court may make an appropriate downward adjustment in the obligor's support obligation. This rule shall not be applied after a final resolution of all outstanding economic claims. For purposes of this subdivision, the term "mortgage" shall include first mortgages, real estate taxes and homeowners' insurance and may include any subsequent mortgages, home equity loans and any other obligations incurred during the marriage which are secured by the marital residence.

1910.16-6 (e).

Husband attempts to argue that the payments he made

towards the parties' marital debt are similar to a mortgage payment made by a payor spouse who is not occupying the marital residence. Husband references Rule 1910.16(e) to justify his request for a deviation. Husband also cites to Rule 1910.16-5 to justify his equitable request. Rule 1910.16-5 requires the trial court to consider various factors when determining whether a deviation from the guideline support award is appropriate. Those factors numerated as follows:

(1) unusual needs and unusual fixed obligations;

(2) other support obligations of the parties;

(3) other income in the household;

(4) ages of the children;

(5) the relative assets and liabilities of the parties;

(6) medical expenses not covered by Insurance;

(7) Standard of living of the parties and their children;

(8) in a spousal support or alimony pendente lite case, the duration of the marriage from the date of marriage to the date of final Separation; and

(9) other relevant and appropriate factors, including the best interests of the child or children.

Pa.R.C.P. 1910.16-5(b).

After a thorough review of the rules referenced by husband, the court concludes that the husband's request for a deviation must be denied. The standards outlined in the rules of civil procedure reference very specific circumstances, which justify the court employing its

equitable powers in support cases. Payments made by husband toward a marital debt do not justify such a deviation. If the court were to grant husband's request, divorcing parties could request a deviation for payments made toward any variation of marital debt made post separation. A spouse could simply reference their Lowe's bill or vehicle obligation that the parties mutually incurred in an attempt to lower their support payments. In the present case, husband's request only seems less obvious because the debt is so large, and his subsequent payments are equally great. The court defers to its prior ruling that these issues are better left for the time of equitable distribution and not at a support hearing. Therefore, husband's current support obligation shall be calculated based on an annual gross income of $605,030.00.

Having reached a determination regarding husband's 2013 income, the court next considers wife's 2013 income. Husband asserts that wife's 2013 income is greater than her 2012 income. Husband relies on a bankruptcy petition wife filed in support of his assertion. A careful review of wife's bankruptcy filings indicates a *purported gross income* of $44,000.00. Wife alternatively argues that her actual income is definitively stated in payroll records supplied to the court by wife. A careful review of these records also leaves the court to speculate wife's actual annual income because the payroll summary provided only reflects wife's wages from January 1, 2013 through April 22, 2013. Furthermore, during this time period, wife's wages ranged anywhere from $160.00 to $600.00 on a bi-weekly basis. Based on the wages reported, the court is unable to even make an annualized calculation of wife's annual income because to do so would be purely speculative. Based upon the above findings, the court

concludes that neither party properly established a change in income for wife. Wife shall be assessed a net income consistent with that assigned to her in 2012.

Consistent with the findings of fact and conclusions of law set forth above, the court will enter the following order of court:

## ORDER OF COURT

And now, this 16th day of January, 2014, with this matter being before the court for a de novo support hearing with the plaintiff, Julie M. Bomberger, appearing and being represented by James W. Manolis, Esquire, and the defendant, William G. Bomberger, appearing and being represented by Phillip L. Clark, Jr., Esquire, and after a hearing held, and consistent with the attached opinion, the court hereby orders and decrees as follows:

PART ONE

1. Effective January 1, 2012 through December 31, 2012, defendant is assessed a net monthly income of $49,464.00.

2. Effective January 1, 2012 through December 31, 2012, plaintiff is assessed a net monthly income of $1,788.96.

3. Defendant provides health insurance for plaintiff. The cost of the health insurance is $588.00 per month. Defendant is entitled to a downward deviation pursuant to rule 1910.16-6(b) equaling $20.52 per month.

4. Based upon the above findings, effective January 1, 2012, the defendant shall pay to the Pennsylvania State Collection and Disbursement Unit the sum of $19,049.50 in spousal support, with the first payment due immediately

and monthly thereafter until an income attachment is implemented.

5. The Domestic Relations Section of Lawrence County is to set the amount of arrearages and the arrearages will be payable in the sum of $1,000.00 per month in addition to the support obligations equaling $19,049.50 per month for a total monthly payment of $20,049.50.

PART TWO

6. Effective January 1, 2013 and continuing thereafter, defendant is assessed a net monthly income of $29,223.81.

7. Effective January 1, 2013 and continuing thereafter, plaintiff is assessed a net monthly income of $1,788.96.

8. Defendant provides health insurance for plaintiff. The cost of the health insurance is $588.00 per month. Defendant is entitled to a downward deviation pursuant to rule 1910.16-6(b) equaling $33.93 per month.

9. Based upon the above findings, effective January 1, 2013 and continuing thereafter, the defendant shall pay to the Pennsylvania State Collection and Disbursement Unit the sum of $10,940.01 in spousal support, with the first payment due immediately and monthly thereafter until an income attachment is implemented.

10. The Domestic Relations Section of Lawrence County is to set the amount of arrearages and the arrearages will be payable in the sum of $1,000.00 per month in addition to the support obligations equaling $10,940.01 per month for a total monthly payment of $11,940.01.

11. Defendant shall continue to provide health insurance for plaintiff, pursuant to Rule 1910.16-6(b).

12. The defendant shall provide the plaintiff with proof of medical coverage, as well as a copy of all necessary insurance cards to be used on her behalf.

13. Defendant's petition to reallocate support payments is denied.

14. The domestic relations section shall properly serve notice of this order and opinion upon counsel of record for the parties and upon any party not represented by counsel at their last known address as contained in the court's file.