J-A23036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| A.B. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| P.A.S.-B. | : | No. 936 EDA 2020 | |

Appeal from the Order Entered February 13, 2020
In the Court of Common Pleas of Bucks County Domestic Relations at
No(s):  No. 201162739

BEFORE:  KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED OCTOBER 15, 2020**

A.B.[1] appeals *pro se* from the order in the Court of Common Pleas of Bucks County (trial court) denying his Petition for Modification of an Existing Support Order.  Because he has waived his issues on several bases, we affirm.

**I.**

We glean the following facts from our independent review of the certified record and the trial court's May 14, 2020 opinion.  A.B. and P.A.S.-B. are the divorced parents of two children:  J.B., born in August 2017, and R.B., born in January 2009.  On November 17, 2016, the trial court ordered P.A.S.-B. to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] To protect the minor childs' identities, we have amended the caption and will use the involved parties' initials throughout this decision.  **See** I.O.P. 424(A).

pay child support in the amount of $440.00 per month. A.B. provides the health insurance for the children. On June 13, 2019, A.B. filed a *pro se* Petition for Modification, seeking an increase in child support because of their private school tuition and a change in his income. (**See** Petition for Modification of an Existing Support Order, 6/13/19, at 2). On February 13, 2020, the court held a hearing on the petition. Based on the hearing testimony and evidence, the court denied the Petition for Modification, explaining:

> [A.B.'s] petition for increase due to private school cost has been denied as [A.B.] admitted he unilaterally enrolled the children in said school among other issues. The [c]ourt finds there has been no substantial change in [A.B.'s] income from his 2018 tax return. [H]owever the [c]ourt finds there has been a substantial change in [P.A.S.-B.'s] income. This order considers [P.A.S.-B.'s] current income at $1,891.00 net monthly and [A.B.'s] current income per his 2018 and 2019 income tax returns at $6,183.00 net monthly.

(Order of Court, 2/13/20, at 1).

A.B. timely appealed. On March 19, 2020, the court ordered him to file a Rule 1925(b) statement within twenty-one days. **See** Pa.R.A.P. 1925(b). On the same date, Bucks County President Judge William H. Bateman, Jr. entered the first of several emergency orders due to the COVID-19 pandemic that suspended filing deadlines. The most recent order entered on April 30, 2020, provided that all papers and pleadings required to be filed between March 19, 2020, and May 8, 2020, would be deemed timely if filed by close of business on May 11, 2020. (**See** Trial Court Opinion, 5/14/20, at 2) (pagination provided). Despite this time extension, A.B. failed to file a Rule 1925(b) statement.

**II.**

On appeal, A.B. maintains that the court erred because it retroactively assessed arrears as of January 1, 2020, when they "should be assessed to the original date of filing" and abused its discretion "by lowering [P.A.S.-B.'s] wages to $22,692.00." (A.B.'s Brief, at 3).

Before we reach the merits of A.B.'s appeal, we must consider whether he has preserved any issues for our review.

**A.**

> [Pennsylvania Rule of Appellate Procedure] 1925 provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Lord**, 719 A.2d at 309[.] This Court has held that "[o]ur Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.'" **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original).

**U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua**, 193 A.3d 994, 996-97 (Pa. Super. 2018) (some citations omitted).

Here, A.B. failed to file a Rule 1925(b) statement pursuant to the trial court's order. Therefore, he has waived any issues and we are precluded from

reviewing their merits. ***See id.*** at 997 ("[T]he failure to comply with Pa.R.A.P. 1925(b) results in the automatic waiver of issues raised on appeal.") (citation omitted).

**B.**

Further, even if he had filed a Rule 1925(b) statement, A.B.'s appeal is waived because he failed to request a transcript of the February 13, 2020 hearing pursuant to Pennsylvania Rule of Appellate Procedure 1911. Rule 1911 requires an appellant to make a written request for any transcript required by the rules and to make any necessary payment or deposit within the time proscribed by the Pennsylvania Rules of Judicial Administration. ***See*** Pa.R.A.P. 1911(a). If an appellant fails to do so, the appellate court may dismiss the appeal. ***See*** Pa.R.A.P. 1911(d).

Instantly, the court held an evidentiary hearing on February 13, 2020, at which "both parties testified and documentation was admitted into evidence." (Trial Ct. Op., at 4) (pagination provided). However, because A.B. failed to request a transcript, the notes of testimony have not been transcribed.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality".... In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.... Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (citations omitted).

A.B. challenges the sufficiency of the evidence to support the court's finding that there was a substantial change in P.A.S.-B.'s income and its decision to assess arrearages as of January 1, 2020, rather than the date on which he filed the Petition for Modification. Although the certified record contains the hearing evidence, without the hearing testimony, we are unable to review all of the evidence and testimony on which the court based its decision about P.A.S.-B.'s net income or its specification of January 1, 2020, as the retroactive date for payment of child support and arrears.[2] In other words, both of these issues require us to review the full record, including, importantly, the hearing testimony, which is not possible due to A.B.'s failure to request its transcription. ***See id.***

Hence, even if A.B. had filed a Rule 1925(b) statement, his appeal would be waived. ***See id.*** at 7 ("When the appellant … fails to conform to the

_____

[2] In any event, we note that A.B.'s Petition for Modification did not seek arrears, so without the notes of testimony, it is unclear on what the arrears are based. Moreover, although a court may make arrears effective as of the date of filing the petition, it is not mandated to do so. ***See*** 23 Pa.C.S. § 4352(e) (Providing, in pertinent part, "If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given."); ***Holcomb v. Holcomb***, 670 A.2d 1155, 1158 (Pa. Super. 1996) (Generally, "[a]n order modifying an order of support is effective from the date of the filing of the petition for modification, unless the court specifies otherwise.") (citations omitted).

requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for purpose of appellate review.") (citation omitted).

**C.**

Finally, even if A.B. filed a Rule 1925(b) statement and had not violated Rule 1911(a), he also has waived his issues with his woefully deficient appellate brief, which consists only of a four-page document entitled "Appellant Arguement (*sic*) Appeal of Child Support" that does not contain most of the features required by our appellate rules. **See** Pa.R.A.P. 2101 ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."); **see also** Pa.R.A.P. 2111 (requiring appellant's brief to contain, *inter alia*, a separate and distinct statement of jurisdiction; order in question; statement of scope and standard of review; statement of questions involved; statement of the case; summary of the argument; argument; and conclusion with relief sought).[3] It also does not contain any pertinent citation of authorities and discussion thereof, references to the record or synopsis of the evidence. **See** Pa.R.A.P. 2111(a), 2119(a), (b), (d). Thus, Appellant has

---

[3] A.B.'s "brief" does contain sections entitled "Order in Question" and "Conclusion." However, the "Order in Question" does not actually contain the text of the order on review and, instead, states his requested relief. The only section of his request that complies with our rules is the conclusion.

failed to develop any issue in any meaningful fashion capable of review and has waived all issues on this basis as well. **See Commonwealth v. Patterson**, 180 A.3d 1217, 1229 (Pa. Super. 2018), *appeal denied*, 180 A.3d 1217 (Pa. 2020) (Failure to include citation to relevant authority or to develop issue in any other meaningful fashion capable of review results in waiver of claim).[4]

For all these reasons, A.B.'s appeal is waived for our review and we affirm the order of the trial court.

Order affirmed.

_____

[4] Although we are cognizant that A.B. is proceeding *pro se*, we remind him that:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

**Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citation and quotation marks omitted).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *10/15/2020*