633 A.2d 211

**Barbara L. HEISEY, Appellant,**

v.

**Rodney F. HEISEY.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 1993.

Filed Nov. 5, 1993.

Maria P. Cognetti, Harrisburg, for appellant.

Edward J. Coyle, Lebanon, for appellee.

Before OLSZEWSKI, POPOVICH and HESTER, JJ.

HESTER, Judge:

Barbara L. Heisey appeals from the February 11, 1993 order [1] setting child and spousal support against appellee, Rodney Heisey, at $262 a week. We agree with appellant's contention that the trial court incorrectly computed appellee's income for support purposes. We are constrained to reverse and remand for recalculation of support.

The parties were married on September 13, 1975, and separated on February 17, 1990, when appellee left the marital

---

1. We note that the caption incorrectly indicates that the appeal is from a judgment.

home. They had three children: Christopher, born July 9, 1981, Erin, born January 16, 1984, and Joanna, born September 12, 1988. Appellee was the sole proprietor of an insurance business, which he incorporated after the parties separated. He receives a salary from the business, and in addition, certain of his personal expenses are paid. Appellant has a bachelor's degree in psychology; she stopped working outside the home when her children were born.

■ At the time of the support hearing, appellee's 1992 corporate income tax return had not been completed and was not available. The trial court accepted appellee's calculation of income on the divorce income and expense form as his income for 1992. The court averaged that income with appellee's 1991 salary as shown on the corporate federal income tax return. On the 1991 corporate tax return, appellee's salary was $800 per week. Appellee claimed that his salary was reduced to $700 a week in 1992. The trial court then added back into the calculation the amount shown on the 1991 corporate tax return as the depreciation deduction for income tax purposes. The court then subtracted from that figure the "loss" shown on the federal income tax return. However, it failed to add in other benefits that appellee receives from his company, including a cash advance and its payment of his automobile expenses, life insurance, and entertainment expenses.

We agree with appellant's contention that this method of calculating appellee's income for support purposes violated the applicable law. Pa.R.Civ.P. 1910.16–5 provides that monthly net income shall be calculated for support purposes as follows:

**(b) Monthly Net Income.** The amount of support to be awarded is based in large part upon the parties' monthly net income. Monthly net income is determined by subtracting only the following items from monthly gross income:

(1) federal, state, and local income taxes;

(2) F.I.C.A. payments and non-voluntary retirement payments;

(3) union dues;

(4) health insurance premiums for the benefit of the other party or the children.

Monthly gross income is ordinarily based upon at least a six-month average of all of a party's income. The term "income" is defined by the support law, 23 Pa.C.S. § 4302, and includes income from any source. The statute lists many types of income including:

(1) wages, *salaries,* fees and commissions;

(2) *income from business or dealings in property;*

(3) interest, rents, royalties, and dividends;

(4) pensions, and all forms of retirement;

(5) income from an interest in an estate or trust; and

(6) social security benefits, temporary and permanent disability benefits, workmen's comp--nsation and unemployment compensation.

(Emphasis added).

■ We have held that in computing income available for support when the payor owns his own business,

income must reflect actual available financial resources and not the often times fictional financial picture which develops as the result of depreciation deductions taken against ... income as permitted by the federal income tax laws. Otherwise put, *"cash flow" ought to be considered and not federally taxed income.*

*McAuliffe v. McAuliffe,* 418 Pa.Super. 39, 43, 613 A.2d 20, 22 (1992) (emphasis added). Furthermore, personal perquisites, such as entertainment and personal automobile expenses, paid by a party's business must be included in income for purposes of calculating child support. *See Coffey v. Coffey,* 394 Pa.Super. 194, 575 A.2d 587 (1990).

In the present case, it is clear that the trial court did not apply the above standards. It failed to consider as income the perquisites paid by appellee's corporation on his behalf, it failed to consider a cash advance appellant received from the corporation, and it deducted a "loss" shown on the corporate federal income tax return that has no relevance in determining

actual cash available for support. The loss sustained by appellant's business, which apparently was financed by loans to the corporation by appellant's mother, do not change the fact that he had his full salary of $700 or $800 per week available to himself and thus, available for support.[2]

Appellee's actual financial condition must be determined. "All income from whatever source is to be evaluated as well as financial resources and property interests" for purposes of calculating support. *Shindel v. Leedom*, 350 Pa.Super. 274, 279, 504 A.2d 353, 355 (1986).

When actual, net earnings do not reflect earning capacity, the trial court should investigate a variety of sources to determine a party's true wealth. *DeMasi v. DeMasi*, 366 Pa.Super. 19, 34, 530 A.2d 871, 878 (1987). Normally, the court should pierce the corporate veil to determine if a spouse's ability to pay support is enhanced by advantages owing to ownership or membership in a corporation. *See, e.g., Pacella v. Pacella*, 342 Pa.Super. 178, 492 A.2d 707 (1985) (where spouse receives numerous no-interest loans from corporation, has numerous personal expenses paid by corporation and co-mingles personal funds with corporate funds, it is appropriate to consider his earning capacity rather than salary in calculating alimony award).

Appellant also claims on appeal that the trial court should not have averaged appellee's 1991 and 1992 income and that his income should have been calculated based on his earning capacity, as actually demonstrated on the 1990 and 1991 tax returns. She suggests that his explanation for his alleged loss of 1992 receipts, the 1991 withdrawal of an insurance company from underwriting policies in Pennsylvania, was not subjected to the amount of scrutiny required under the law. *Banks v. Banks*, 330 Pa.Super. 128, 478 A.2d 1387 (1984) (careful scruti-

---

**2.** However, since the business itself lost money, there was no "income" from it imputable to appellee, and without business "income," there is no reason to add back in non-cash deductions such as depreciation to determine actual business "income." Appellee's salary and corporate-paid perquisites are the actual cash flow available to him and therefore, for support purposes. His actual income from the business, purely on a cash-flow basis, is zero since the business sustained an actual cash loss.

ny of a claim of reduced income is required where self-employment is involved). We have concluded that the trial court erred in its calculation of appellee's income. On remand, appellee's business tax return for 1992 will be available. Accordingly, appellee will be able to substantiate whether he is suffering a continued loss in business in the ensuing proceedings, and nothing will be left to speculation.

We reject appellant's contention that appellee should not have been credited in his support arrearages with the amount he previously paid for mortgage on the marital home, where appellant resides. Under Pa.R.Civ.P. 1910.16–5(f), the guidelines assume that the spouse occupying the marital residence is to pay the mortgage for it. Therefore, if appellee paid for the mortgage, he should be given credit in calculating his support arrearages.

Order vacated and remanded to the trial court for further proceedings in accordance with this Opinion.