646 A.2d 578

Susan Castriota HOAG,

v.

Richard D. HOAG, Appellant.

Susan Castriota HOAG, Appellant,

v.

Richard D. HOAG.

Susan Castriota HOAG,

v.

Richard D. HOAG, Appellant.

Superior Court of Pennsylvania.

Argued May 10, 1994.

Filed Aug. 18, 1994.

430

David S. Pollock, Pittsburgh, for Susan C. Hoag.

James Mahood, Pittsburgh, for Richard D. Hoag.

Before TAMILIA, HUDOCK and MONTGOMERY, JJ.

TAMILIA, Judge:

Husband and wife have filed cross-appeals from the Order entered February 24, 1993 which granted wife's claim for spousal and child support.[1] The relevant facts and procedural history are set forth by the trial court as follows:

On February 16, 1992, the parties to this action separated after approximately eleven years of marriage. Thereafter, on March 3, 1992, Susan Castriota Hoag, Wife, filed a complaint against Richard D. Hoag, Husband, for support of herself and their two minor children. The case was designated complex, and an initial hearing was held on April 14, 1992. The hearing officer made a recommendation for interim support in the amount of $2,100 per month, and

---

1. In a related matter, which will be addressed by the court infra, husband contests the validity of a separate court Order for special relief relating to two insurance policies.

Husband's subsequently filed exceptions were quashed on May 14, 1992.

A second hearing was held on August 14, 1992, resulting in a recommendation for spousal and child support in the amount of $1,030 per month. Both parties filed timely exceptions, which were argued before this court. The resulting order dated February 24, 1993, provides in relevant part that Husband is to pay $1,346 per month for the support of wife and two children, retroactive to March 2, 1992. Additionally, the amount is reduced by $300 per month until July 29, 1994, for the purpose of effectuating recovery by the Husband of overpayments and direct payments in the total amount of $5,292.38 made from March 2, 1992 until August 14, 1992.

(Slip Op., Mazur, J., 6/22/93, pp. 1–2.)

Both husband and wife appealed from this Order (Nos. 00470 and 00508 Pittsburgh, 1993, respectively) raising numerous allegations of trial court error,[2] which were condensed to four basic issues by the trial court in its February 24, 1993 Opinion.

Initially we note that our scope of review from an Order awarding support is very narrow. We can reverse a support Order only if we find that the Order cannot be sustained on any valid ground. The decision of the trial court will not be reversed absent an abuse of discretion or an error of law.

*McAuliffe v. McAuliffe*, 418 Pa.Super. 39, 42, 613 A.2d 20, 22 (1992) (citations omitted).

■ Both parties contend the trial court erred in calculating the amount of money husband has available for support

**2.** Following the filing of the appeals, the trial court, pursuant to Pa.R.A.P. § 1701(b)(1), entered an amended Order dated July 1, 1993, stating that husband shall pay $1,349 per month to be reduced by $300 per month until July 14, 1994, and then reduced by $129.38 until August 14, 1994, when the $1,346 per month obligation will resume. While the amended Order was entered during the pendency of these appeals, we treat the amended Order to be the trial court's attempt to clarify and correct the Order of February 24, 1993 and not as a substantive modification. As such, it conforms with Rule 1701(b)(1).

income. The trial court determined husband's income to be $4,352 per month based upon the figures reported in his 1991 federal tax return. Specifically, a portion of husband's income is generated through his employment as a salesman for a family-owned business operated by his parents. The remainder of his income is through four irrevocable trusts created by his father with the corpus being percentage shares of two family-owned "S" corporations. The "taxable income" of the trust consists of corporate income passed through the trust to husband.

Husband contends this income is never actually received by him, but instead, is intended to be reimbursement of the tax liability generated by reporting this income on his tax return, thus creating a "wash" or zero gain. Therefore, this "taxable income," although documented on his tax returns, is never actually received and, thus, cannot be attributed to income for calculation of his support obligation. In essence, husband claims the earnings attributed to him as a beneficiary of the trust are "paper income" and significant only for tax purposes. Moreover, he has no control over the amount and timing of the distributions. Accordingly, husband contends the court abused its discretion by failing to "look behind" the reported income on his federal tax return to determine his actual income and cash flow.

After a thorough review of the record, we find the trial court did not err in its determination that husband's income from the trusts should be included in his net monthly income. Husband's actual financial condition is determinative. The trial court, in calculating a support award, must consider every aspect of a party's financial ability to pay, including property interests, stocks and other forms of investment. *Blaisure v. Blaisure*, 395 Pa.Super. 473, 577 A.2d 640 (1990). When actual net earnings do not reflect earning capacity, the trial court should investigate a variety of sources to determine the party's true wealth. *Heisey v. Heisey*, 430 Pa.Super. 16, 633 A.2d 211 (1993). The court should pierce the corporate veil to determine if a spouse's ability to pay support is enhanced by advantages relating to owning or being a member

of a corporation. *Id.* Presently, the court determined husband's trusts are mere conduits for the "S" corporations' income, passing through to the individual beneficiary. Simply because the corporation retained the amount of income attributable to husband does not exclude consideration of this amount in the determination of his support obligations. Husband argues that he had no discretion to manipulate the income, which discretion presumedly was left to his father and/or other directors. However, husband provides no evidence that the attributed earnings reported on his income tax return were not readily available to him. Accordingly, we find the trial court correctly included the amount in its calculation of support. *See King v. King,* 390 Pa.Super. 226, 568 A.2d 627 (1989).

■ Wife contends husband's ability to withdraw the principal from the trust should be attributed to his income. The evidence, however, reveals the principal of the irrevocable trust to be shares of non-transferable stock in a closely held corporation which will produce the same amount of income regardless if it is withdrawn from the trust. Therefore, wife's argument is without merit as the withdrawal of the principal is immaterial to his production of income.

■ Next, the parties dispute the trial court's determination of wife's net income. Wife claims the court's calculation of her net income is inadequate, whereas husband claims the court again failed to "look behind" what she reported on her tax return to determine her actual cash flow.

■ The trial court determined wife's net income from her sole proprietorship to be $1,932 per month, which was based on the gross income reported on her 1991 Federal profit and loss statement, less various deductions. Included in this calculation was $400 per month which wife testified was part of her unreported income. Wife contends this figure should be $1,535.17 per month based on her independent calculations. However, she fails to point out to this Court where the trial court erred or how it abused its discretion. We will not examine bald assertions without sufficient proof of abuse of

discretion or error of law. On the other hand, husband claims wife's actual net income, based on actual cash flow, should be $2,057 per month rather than $1,932 per month. According to the record, however, the court documents its consideration of wife's gross income less deductions for business expenses and individual tax liabilities and interest. (Slip Op. at 4.) Moreover, the court considered the unreported income of $400 per month. *Id.* Accordingly, we find the court properly considered wife's financial resources and earning capacity. *Blaisure, supra.*

Wife further contends the amount of support awarded for herself and the parties' children is insufficient to provide for their reasonable needs. Although she claims the court erroneously remained within the parameters of the support guidelines and failed to consider the additional needs and obligations of the parties, pursuant to Pa.R.C.P. § 1910.16, wife fails to prove the court ignored these factors. Mere allegations that the award is inadequate are insufficient for this Court to find an abuse of discretion or error of law. The court, in its Opinion, documents that it followed the support guidelines pursuant to section 1910.16. Accordingly, we fail to find an abuse of discretion.

Finally, husband contends the trial court abused its discretion in choosing not to follow the recommendation of the hearing officer, however, he fails to adequately address this issue in his brief. Moreover, the comments to Pa.R.C.P. § 1910.11 state "[a]fter careful consideration, the court ... for a reason which satisfies the court, may enter an order which deviates from the recommendation." Accordingly, husband's claim of abuse of discretion is unfounded.

As previously noted, two life insurance policies owned by husband are also at issue. On April 21, 1992, one week after the interim support hearing, wife filed a motion for special relief pursuant to Pa.R.C.P. 1910.25 averring husband had informed her of his intention to change the beneficiary designations on the two policies he owned insuring his life and naming wife and children as beneficiaries. Wife sought to

enjoin husband from changing the beneficiary designations or allowing them to lapse, pending further Order of court. The trial court determined Rule 1910.25 grants broad equitable powers to provide interim or special relief and granted the petition entering the injunction pursuant to the rule which states:

At any time after the filing of the complaint, the court may on application issue a preliminary or special injunction, appoint a temporary receiver, order the seizure of property, dispose of seized property or grant other appropriate interim or special relief.

Adopted April 23, 1981, effective July 22, 1981.

### Explanatory Comment—1981

Sections 1 and 2 of the Act 1907, 48 P.S. §§ 131, 132, authorize the bringing of an action at law or in equity to enforce the duty of support. These sections are suspended by these Rules insofar as they provide practice and procedure for an action of support.

However, equitable remedies may still be useful in a case which warrants them. Illustrations are the enjoining of a resident trustee from disbursing funds to a defendant beneficiary outside the Commonwealth or to an improvident defendant or obtaining satisfaction from a spend-thrift trust. The Rules contain a broad provision empowering the court to provide special relief where appropriate.

The court found husband acquired the policies to protect wife and children, and to permit husband to change the policies or allow them to lapse would place wife and children, in the event of an untimely death, without support and potentially impoverished. Moreover, the trial court determined the relief granted posed no substantial hardship to father but merely maintained the status quo.

Following denial of his exceptions to the Order, husband appealed to this Court which quashed the appeal as interlocutory. *Hoag v. Hoag,* 431 Pa.Super. 627, 631 A.2d 221 (1993) (unpublished memorandum). On May 6, 1993, husband, sub-

438

sequent to the entry of the final support Order, filed a petition for reconsideration which was denied by this Court on June 24, 1993. Husband now contends the issue is ripe for review and claims the trial court had no authority whatsoever over a party's life insurance during the pendency of a support action when no divorce was pending. Specifically, Rule 1910.25 was promulgated to provide a reasonable method to enforce the duty of support and to maintain the availability of income producing or attachable assets to assure the continued payment of spousal and child support. He argues special relief in a support action should only be utilized to enforce a support obligation.

Before addressing the merits of husband's argument, however, we must first examine the procedural history to determine if the issue is properly before this Court. According to the record, the Order for special relief was entered April 21, 1992, subsequent to wife's March 3, 1992 complaint for support. Husband then appealed the Order to this Court in a timely manner, and arguments were heard on January 26, 1993. This Court quashed the appeal as interlocutory on April 29, 1993, however, while the appeal was pending, the second support hearing occurred on August 14, 1992 following which the trial court heard exceptions on December 14, 1992.

As evidenced by this chronological summary, the Order for special relief was on appeal to this Court during the entire support proceedings. Thus, the trial court no longer had jurisdiction and could not proceed further in the matter. Pa.R.A.P. 1701(a). See *Sutliff v. Sutliff*, 515 Pa. 393, 528 A.2d 1318 (1987). Moreover, since the appeal was found to be interlocutory only after the appeal from the support Order had been filed, husband's brief was the first opportunity he had to raise the issue. Accordingly, this Court will address the merits of husband's argument; appellee's motion to quash appeal as to the life insurance issue is denied.

A review of Rule 1910.25, together with its explanatory comment, finds the rule grants broad equitable powers to provide interim or temporary relief where appropriate within

the context of a support action. The parties had separated shortly prior to the filing of wife's complaint for support. Wife averred, and husband did not dispute, that he specifically acquired the policies to protect wife and children. The trial court, therefore, granted the injunction to simply preserve the status quo of the marital property pending further proceedings. Accordingly, we find this interim relief granted by the trial court to have been within its equitable powers and not an abuse of discretion.

The Order for special relief was part of the support proceedings but was not specifically addressed during the proceedings or in the final support Order. Accordingly, this Court must conduct an independent analysis to determine the duration of the Order for special relief. As previously noted, Rule 1910.25 utilizes the terms "interim" and "preliminary" implying provisional relief until further resolution. General words and phrases should be construed according to their common and approved usage. Pa.R.C.P. § 103. According to Webster's Ninth New Collegiate Dictionary, "interim" is defined as an intervening time and "preliminary" is something that precedes or is introductory or preparatory. As such, the equitable powers granted by this rule should be utilized for temporary relief. Moreover, the Order in question utilizes the language "pending further order of court." (Order of Court, Baer, J., 4/21/92.) Judge Baer addressed the purpose of this Order in his Rule 1925 Opinion: "The sole purpose of the Order from which Father appeals was to protect Mother and Children on an interim basis, pending further proceedings." (Slip Op., Baer, J., 7/31/92, p. 5.) The Opinion continued by stating the Order was, in and of itself, not final and, if it remained in effect, would form a portion of the final support Order. *Id.* (As noted above, however, Judge Mazur was unable to incorporate specifically any provision of the injunction into the final support Order as the Order granting the injunction was on appeal.)

Consequently, we find the Order for special relief ceased upon entry of the final support Order. Husband was only required to maintain the life insurance policies from the

date of the Order for special relief (April 21, 1992) until the final support Order (February 24, 1993). Since neither party raised the continuance of the life insurance policies beyond the date of the final Order, we find it unnecessary to address the issue. In any case it would require specific agreement by the parties or unusual circumstances relating to the health or status of the husband to require him to maintain an insurance policy naming the wife as beneficiary, as support for wife terminates upon divorce or death of either party or, as in this case, is determined by a final support Order. Since father, through counsel, has requested this Court to vacate the Order of April 21, 1992, thereby permitting him to make his daughters one hundred per cent (100%) beneficiaries of his life insurance policies, instead of wife and daughters (father's brief at 49; reply brief at 15), we direct him to do so.

Order of February 24, 1993, as amended by Order of July 1, 1993, is affirmed.

Order of April 21, 1992, as discussed in this Opinion, terminated as of February 24, 1994, the date of the final support Order. Father is directed to reinstate the life insurance policies naming his daughters as sole beneficiaries.

Jurisdiction relinquished.

MONTGOMERY, J., concurs in the result.