**Patricia A. FENNELL, Appellee,**

v.

**George C. FENNELL, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 2000.

Filed June 1, 2000.

---

Lori K. Doerr, Butler, for appellant.

Christine M. Nebel, Butler, for appellee.

Before DEL SOLE, EAKIN and TODD, JJ.

TODD, J.:

¶ 1 George C. Fennell (Father) appeals the June 23, 1999 Order of the Court of Common Pleas of Butler County setting the amount of his child support obligation to Patricia A. Fennell (Mother) for the parties' two minor children.[1] Specifically, Father argues that the trial court erred in including his proportional share of the retained earnings of a Subchapter S corporation as income available for support. For the reasons that follow, we reverse that portion of the trial court's order.

¶ 2 Father is the owner of 19% of Muscle Products Corporation ("Muscle Prod-

ucts"). Muscle Products is incorporated as a Subchapter S corporation. The other owners of the company are Appellant's brother, father and an unrelated individual.

¶ 3 For tax year 1998, in addition to his salary, Father reported $23,863 as income from Muscle Products on the parties' joint tax return. The trial court found that Father did not receive these funds in cash from Muscle Products for his personal use during 1998. Instead, this amount represented Father's proportional share of the corporation's retained earnings. As a Subchapter S corporation, Muscle Products may elect "to avoid tax at the corporate level and require the individual shareholders to pay tax on corporate earnings whether or not distributed to the shareholders." *Attebury v. U.S.*, 430 F.2d 1162, 1163 n. 2 (5 th Cir.1970).[2]

¶ 4 The trial court found that Muscle Products' "practice of retaining earnings had been in place ... prior to the parties' separation." (Trial Court Opinion, 6/23/99, at 4.) The court further found that the decision to retain earnings had been a "business decision," that Muscle Products had "retained these earnings for investment purposes" (Trial Court Order, 7/16/99), and that the company had used them to grow the business. (Trial Court Opinion, 6/23/99, at 7.) There was no finding in the present case that the retention of earnings in Muscle Products in any way constituted an effort to shield income from Father's support obligation.

¶ 5 Nevertheless, the trial court held that the retained earnings "do represent income available to [Father] for purposes of computing his on-going obligation of support." (*Id.* at 6.) Thus, the court deter-

---

1. Appellant's Brief also raised issues pertaining to spousal support and equitable distribution. As these issues are interlocutory absent a final divorce decree, *see Deasy v. Deasy*, 730 A.2d 500, 502 (Pa.Super.1999) *appeal denied,* —— Pa. ——, 753 A.2d 818, 2000 Pa. LEXIS 525 (2000), Appellant's counsel withdrew them at oral argument.

2. The trial court found that "the corporation did pay sums to [Father] to provide for the payment of the income tax liability generated by the Subchapter S income reporting on his individual income tax return." (Trial Court Opinion, 6/23/99, at 4.)

mined that beginning January 1, 1999, Father's proportional share of the retained earnings of Muscle Products would be deemed to be income available to Father for support purposes. The court further determined that the retained earnings figure from the parties' 1998 tax return would be used to estimate Father's 1999 income in order to calculate his monthly support obligation. (*Id.* at 7.)

■ ¶ 6 Our standard of review in matters of support is whether the trial court abused its discretion. *Zullo v. Zullo*, 531 Pa. 377, 380, 613 A.2d 544, 545 (1992). We may find an abuse of discretion only upon "proof of more than a mere error in judgment." *Simmons v. Simmons*, 723 A.2d 221, 222 (Pa.Super.1998). Instead, such a finding requires clear and convincing evidence "that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality." *Id.* We are guided by the principle that a support award "must be fair, non-confiscatory and attendant to the circumstances of the parties." *Calabrese v. Calabrese*, 682 A.2d 393, 396 (Pa.Super.1996) (citation omitted).

■ ¶ 7 It is well settled that "[i]n determining the financial responsibilities of the parties to a dissolving marriage, the court looks to the actual disposable income of the parties." *Labar v. Labar*, 557 Pa. 54, 59–60, 731 A.2d 1252, 1255 (1999) (quoting *Cunningham v. Cunningham*, 548 A.2d 611, 612–613 (Pa.Super.1996)). Moreover, the Pennsylvania Supreme Court has adopted the reasoning often employed by this Court that such "income must reflect actual available financial resources and not the oft-time fictional financial picture" created by the application of federal tax laws. *Id.* (citations omitted).

¶ 8 We have held repeatedly that deductions or losses reflected on corporate books or individual tax returns are irrelevant to the calculation of available income unless they reflect an actual reduction in available cash. For example, in *Heisey v. Heisey*, 633 A.2d 211, 212 (Pa.Super.1993), we considered the calculation of the income of a sole owner of an incorporated insurance business. We held that the trial court had erred in deducting from income "a 'loss' shown on the corporate federal income tax return that has no relevance in determining actual cash available for support." *Id.* Accord *McAuliffe v. McAuliffe*, 613 A.2d 20, 22 (Pa.Super.1992) ("Depreciation and depletion expenses that are allowed under federal income tax law will not automatically be deducted from gross income for the purpose of determining support responsibilities."); *Flory v. Flory*, 527 A.2d 155, 157 (Pa.Super.1987) (trial court erred by calculating father's income based on income reported on tax return alone; "[f]ederal income tax law permits deductions that may not reduce a parent's disposable income").

¶ 9 We have held as well that all benefits flowing from corporate ownership must be considered in determining income available to calculate a support obligation. In *Heisey*, we stated that even if not received by the support obligor as cash, "personal perquisites, such as entertainment and personal automobile expenses, paid by a party's business must be included in income for purpose of calculating support." *Heisey*, 633 A.2d at 212. Accord *Calabrese*, 682 A.2d at 396 ("It is clear that automobile expenses paid by a company for the payor spouse are properly included in the determination of the payor's available income.").

■ ¶ 10 Our jurisprudence is clear, therefore, that the owner of a closely-held corporation cannot avoid a support obligation by sheltering income that should be available for support by manipulating salary, perquisites, corporate expenditures, and/or corporate distribution amounts. By the same token, however, we cannot attribute as income funds not actually available to or received by the party.

¶ 11 In *Labar*, the Pennsylvania Supreme Court stated that "[i]t would be untenable to argue that proceeds of a loan made to a corporation for the exclusive purpose of making capital expenditures should instead be disbursed as income to the two principal shareholders of the corporation." *Labar*, 557 Pa. at 62, 731 A.2d at 1256. Similarly, in *Calabrese*, this Court affirmed the trial court's calculation of the gross income of a 50% owner of a corporation. *Calabrese*, 682 A.2d at 396. Although the calculation represented a decrease from prior years, we upheld the trial court's determination that it "fairly represent[ed] Husband's current earning capacity" because it was based on the amount set as his maximum annual salary in a loan agreement between the corporation and a bank. *Id.* at 399.

¶ 12 In the present case, the trial court determined that Father did not have a controlling interest in Muscle Products. As a minority shareholder, Father could not control whether the net profits of the business would be retained or distributed. The trial court further determined that retaining earnings had been a long-standing practice of the corporation and that the decision to retain earnings had been a business decision. The trial court did not find, and we see no evidence of record to support an inference, that Muscle Products retained these funds instead of distributing them in an effort to shield income from Father's support obligations. Accordingly, we hold that the trial court erred in considering Father's annual share of the retained earnings of Muscle Products as income available to Father for purposes of calculating his child support obligation.

¶ 13 Our holding herein does not create a presumption that corporate retained earnings *per se* are to be excluded from available income for purposes of support calculations.[3] Indeed, in situations where the individual with the support obligation is able to control the retention or disbursement of funds by the corporation, he or she still will bear the burden of proving that such actions were "necessary to maintain or preserve" the business. *See McAuliffe*, 613 A.2d at 23. In the present case, however, Father has shown that he indeed did not control the ability to retain or disburse earnings and our analysis may end there.

¶ 14 Accordingly, we reverse the Order entered June 23, 1999 in the Court of Common Pleas of Butler County as to the calculation of Father's income available for child support and remand the matter for recalculation consistent with this Opinion.

¶ 15 Order reversed in part. Jurisdiction relinquished.

¶ 16 Judge DEL SOLE files a dissenting statement.

DEL SOLE, J., dissenting:

¶ 1 I dissent and would affirm on the basis of the trial court's analysis. The trial judge in her opinion, concluded that "the defendant did not offer any evidence or exhibits to provide the court with information from the Subchapter S return or the Schedule K 1." Therefore, the court attributed the retained earnings to the defendant as income for support purposes.

¶ 2 While I agree with the Majority that in appropriate cases, retained earnings may not be considered income for support, it is the burden of the party seeking exclusion to convince the court. Since the court was not persuaded, I would affirm.

---

3. The trial court in the present case correctly notes in its opinion that the trial court in *Rohrer v. Rohrer*, 715 A.2d 463 (Pa.Super.1998), determined that the retained earnings of a family business should be considered as income available for support, apparently to both parties. *See id.* at 464. This aspect of the trial court's decision in *Rohrer*, however, was not before this Court on appeal. Therefore, this Court did not have occasion to rule on the propriety of the trial court's decision.