**Gennock v. Gennock**

C.P. of Lawrence County, No. 597 of 2005 DR

*Peter E. Horne*, for plaintiff.
*Theodore A. Saad*, for defendant.

HODGE, *J.*, Aug. 14, 2014—This opinion is issued pursuant to Rule 1925 (a) of the Pennsylvania Rules of Appellate Procedure in support of the order of court dated June 16, 2014, from which the plaintiff, Kirisa L. Gennock, appeals and contends that this court committed the following errors:

1. Determining that the defendant, John S. Gennock, is presently unemployed and lacking sufficient income to be assessed a monthly child support obligation; and

2. Determining that the defendant is currently unable to work.

Plaintiff and defendant are the natural parents of two minor children. Plaintiff initiated a complaint for child support on July 15, 2005. At that time, plaintiff was employed as a school teacher, and defendant was a self employed contractor. Following a conference, defendant was assessed a monthly support obligation for the two minor children. On December 4, 2013, defendant filed a petition for modification of child support, wherein defendant claimed he suffered from a medical disability and is unable to work. Defendant failed to provide the office of domestic relations with sufficient verification of his disability, and his request for a reduction in his child support obligation was dismissed. Defendant was directed to continue child support payments as directed by the July 14, 2011 support order. Defendant then filed a timely demand for a hearing before this court.

At the de novo hearing, defendant testified as to his various forms of past employment. Defendant eventually

became a self-employed contractor in 2001. In February 2012, defendant began to suffer chronic pain and fatigue. Defendant stated that he attempted to maintain continuous employment, but defendant was unable to work at the capacity required in the construction trade. Defendant has continuously undergone medical treatment, but his insurance changed following the parties' divorce in January of 2014. Consequently, defendant had to begin a new course of treatment with different physicians. Defendant described his inability to complete daily functions and his struggles with pain management. Defendant expressed a desire to work and various attempts at employment, but explained that his severe pain made any efforts futile.

Plaintiff testified that she has observed the defendant performing yard work at his girlfriend's residence. Plaintiff stated that within weeks of the DeNovo Hearing she saw defendant operating a Bobcat and mending a fence in the back yard. Plaintiff believes defendant is able to maintain a full-time job and requests defendant be assessed a monthly earning capacity consistent with his prior income.

Based upon the testimony presented, this court entered an order on June 16, 2014 suspending defendant's child support obligation. From this order, plaintiff filed a timely appeal.

When reviewing a trial court's determinations regarding support orders, the standard utilized is whether the court committed an abuse of discretion. *Isralsky v. Isralsky*, 824 A.2d 1178 (Pa. Super. 2003). The appellate courts have defined an abuse of discretion as follows:

> An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground.

*Id.* at 1186. Thus, the calculation of a support order largely is within the discretion of the trial court.

A person's support obligation is determined primarily by the parties' actual financial resources and their earning capacity. *Hoag v. Hoag*, 646 A.2d 578 (Pa. Super. 1994). Although a person's actual earnings usually reflect his earning capacity, where there is a divergence, the obligation is determined more by earning capacity than actual earnings. *See DeMasi v. DeMasi*, 597 A.2d 101 (Pa. Super. 1991). Earning capacity is defined as the amount that a person realistically could earn under the circumstances, considering his age, health, mental and physical condition, training, and earnings history. *Gephart v. Gephart*, 764 A.2d 613 (Pa. Super. 2000).

In the instant case, the court had the ability to personally observe defendant and hear his testimony. The court found defendant's testimony regarding his inability to work to be credible. The court believes that the defendant is currently suffering from depression and chronic pain. Furthermore, the defendant's attempts to seek treatment have been frustrated by a change in insurance carriers. Additionally, the court finds plaintiff's testimony regarding her observation of the defendant working at his girlfriend's residence to be inclusive of his ability to maintain constant

employment. Defendant testified that he often tries to work, but he is overwhelmed by fatigue and chronic pain. The court understands that such a determination does not immediately benefit the parties' minor children, but the defendant has to be given the opportunity to complete treatment and attempt to overcome his present difficulties in order to assist his children on a long term basis. For these reasons, the court concluded that, at this time, defendant does not possess an earning capacity.

Consistent with this opinion, the court will enter the following order of court:

## ORDER OF COURT

And now, this 14th day of August, 2014, with the court having received a concise statement of errors complained of on appeal, filed on behalf of the plaintiff, Kirisa L. Gennock, in the above captioned case, and with the Court issuing the attached opinion, pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure in support of the orders of court dated June 16, 2014, the court hereby directs the office of domestic relations to assemble the record and transmit the same to the prothonotary of the Superior Court as required by the applicable rules of appellate procedure.

The office of domestic relations shall properly serve notice of this order and opinion upon counsel of record for the parties and upon any party not represented by counsel at their last known address as contained in the court's file.