J-A10014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LORI JOHNSON DUPRE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KENNETH JAMES DUPRE | |
| | No. 740 WDA 2015 |

Appeal from the Order April 9, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 09-008294016

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 05, 2016**

Appellant, Lori Johnson Dupre ("Mother"), appeals from the order entered in the Court of Common Pleas of Allegheny County, which set forth the amount of child support her ex-husband, Kenneth James Dupre ("Father"), owed for the parties' two minor children. Specifically, Mother argues that the trial court erred in failing to include Father's proportional share of the retained earnings[1] held in his partnership as income available for support. For the reasons that follow, we reverse the trial court's support order.

_____

[1] "Retained earnings" refer to a business's accumulated profits, i.e., the net sum of the business's yearly profits and losses. ***See Rohrer v. Rohrer***, 715 A.2d 463, 464 n. 2 (Pa. Super. 1998).

Father is the managing partner and owner of 45.5% of Dupre Capital Partnership ("Dupre Capital"). The other partners are Father's family members. The only asset held by Dupre Capital is a Charles Schwab investment account. For the tax year 2013, Father's share of Dupre Capital increased in value by $244,344. Father did not withdraw any funds in 2013 and has not taken any distributions since Dupre Capital was formed.

The trial court ruled that Father's undistributed earnings should not be included in his income calculation because the decision to retain the earnings had been a "business decision," and Father proved that retaining the earnings was "necessary to maintain or preserve … [Dupre Capital]." Trial Court Opinion, at 6. In support of its conclusion, the trial court relied on Father's testimony that Dupre Capital was meant to be a long-term investment set up so that the partners could withdraw from it upon retirement. *See id*. The trial court cited Father's position that withdrawing his funds from Dupre Capital would "set a bad precedent" and would increase the risk for the other partners. *Id*., at 7. Finally, the trial court noted that there was no evidence that Father's decision to retain the earnings was an effort to shield income from his support obligation. *See id*.

Our standard of review for a child support order is well-settled.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in

- 2 -

reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***Kimock v. Jones***, 47 A.3d 850, 854 (Pa. Super. 2012) (citations omitted).

Support orders "must be fair, non-confiscatory and attendant to the circumstances of the parties." ***Fennell v. Fennell***, 753 A.2d 866, 868 (Pa. Super. 2000) (citation omitted). "[I]n determining the financial responsibilities of the parties to a dissolving marriage, the court looks to the actual disposable income of the parties." ***Id***. (citation omitted). "[W]hen determining income available for child support, the court must consider all forms of income." ***Berry v. Berry***, 898 A.2d 1100, 1104 (Pa. Super. 2006) (citation omitted); ***see also*** Pa.R.C.P. 1910.16-2(a). The Domestic Relations Code defines "income" as follows.

"**Income.**" Includes compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

23 Pa.C.S.A. § 4302.

In regards to business income, this Court has held that "[w]hen a payor spouse owns his own business, the calculation of income for child support purposes must reflect the actual available financial resources of the payor spouse." *Fitzgerald v. Kempf*, 805 A.2d 529, 532 (Pa. Super. 2002) (internal quotation marks and citation omitted). Thus, all benefits flowing from business ownership must be considered in determining income available for a support obligation. *See Fennell*, 753 A.2d at 868. A business owner "cannot avoid a support obligation by sheltering income that should be available for support by manipulating … distribution amounts." *Id*.

In *Fennell*, this Court held that the retained earnings of father, who was a minority owner of an S-corporation, did not constitute income because father did not have a controlling interest in the corporation and had no control over the decision of whether or not he would receive a distribution. *See id*., at 869. However, in holding as such, this Court cautioned, "[o]ur holding herein does not create a presumption that corporate retained earnings *per se* are to be excluded from available income for purposes of support calculations." *Id*. Rather, "in situations where the individual with the support obligation is able to control the retention or disbursement of funds by the corporation, he or she still will bear the burden of proving that such actions were necessary to maintain or preserve the business." *Id*. (citation and internal quotations omitted).

Although *Fennell* involved an S-corporation, rather than a partnership, we find the legal principles to be guiding in the instant matter. Here, Father is the managing partner of Dupre Capital and has complete control over whether he receives a distribution from the partnership. *See* N.T., Support Hearing, 9/29/14, at 117. Thus, Father has the burden of proving that retaining the earnings was "necessary to maintain or preserve" Dupre Capital. *See Fennell*, 753 A.2d at 869. After reviewing the record, we find that Father has failed to prove as such.

To start, we are unconvinced that it was necessary for Father to retain his earnings on the basis that withdrawing them would "set a bad precedent" for the other partners. Moreover, considering the fact that Dupre Capital is a partnership with an investment portfolio as its only asset, the instant case stands in stark contrast to one involving an active brick and mortar business, such as *Fennell*. Unlike active brick and mortar businesses, which have fixed overheads and consistent cash flow needs, Father's investment account does not have regular cash flow needs. We further reject Father's argument that retaining the earnings was necessary because Dupre Capital was set up to be a long-term investment that partners could withdraw from after their retirement. Section 4302 of the Domestic Relations Code specifically provides that "all forms of retirement" are to be included in an income calculation. Thus, this argument has no merit.

In sum, we find that Father failed to meet his burden of proving that retaining his earnings in Dupre Capital was necessary to maintain or

preserve the business. Based upon our holding in **Fennell**, we find that Father failed to show that the $244,344 in retained earnings should not be included as income. As such, we conclude that the trial court abused its discretion in this regard. Accordingly, we reverse the order and remand for proceedings consistent with this decision.

Order reversed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2016