J-A11041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JASON AMATO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTEN AMATO | : | No. 1424 EDA 2021 |

Appeal from the Order Entered June 10, 2021
In the Court of Common Pleas of Montgomery County Domestic Relations
at No(s):  2020-13808

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED AUGUST 3, 2022**

Jason Amato ("Father") appeals the order awarding child support to Kristen Amato ("Mother").[1] He claims the court erred in denying his exceptions, which challenged the calculation of his income. We affirm.

The trial court set forth the factual and procedural history of this case, which we incorporate herein. Trial Court Opinion, filed Dec. 28, 2021 ("1925(a) Op."), at 1-8. We will provide a brief summary.

Father and Mother were married in April 2017 and separated in August 2020. In September 2020, Mother filed a Complaint for Support, seeking child

---

[1] Father appealed both the child support order and the alimony pendente lite ("APL") order. This Court issued a Rule to Show Cause, as APL generally is not appealable until resolution of all economic claims in a divorce action. Father filed a response, acknowledging the APL portion of the order was interlocutory and only the child support order was appealable. Accordingly, this Court entered an order stating that "only the portion of the order with regard to child support will be referred to the panel assigned to decide the merits of this appeal." Order, filed Sept. 3, 2021 (emphasis in original).

support and APL. After a hearing, the Support Hearing Officer set Mother's net monthly income at $3,866.27 and set the net monthly income for Father, who owns a business, at $7,911.23. The Hearing Officer based Father's income on his 2020 payroll detail report, his bank account statements, his testimony, and "add-backs" from the 2019 tax return for Father's business. During the hearing, the Hearing Officer heard Father's testimony that he funneled certain personal expenses through his business. The Hearing Officer thus included as gross income for Father the following: (1) $28,262 based on his 2020 payroll; (2) $36,650 based on 2020 distributions; (3) $29,330 based on depreciations from his 2019 Tax Return; and (4) $5,450 based on half of his auto expenses from his 2019 Tax Return. The hearing officer denied a reverse mortgage deviation. She further found that, effective December 1, 2020, childcare expenses consisted of $145 per week. The Hearing Officer directed Father to pay child support in the amount of $945.01 per month, plus costs for medical insurance provided by Mother, costs for childcare, and APL.

Father filed exceptions to the report, which the trial court denied. In denying the exceptions, the trial court made the following conclusions:

> 1. It was not an error to deny the mortgage deviation adjustment as the deviation is not mandatory, the marital residence was a pre-marital property, titled in Father's name only (such that Mother would only be able to claim a percentage of the increase in value of the property during the marriage), and Father was effectively maintaining his own marital asset by contributing to the mortgage expense;
>
> 2. It was not an error to include the $145 weekly child care expense as both parties were held to full time earnings and

the cost of $145 a week, effective December 1, 2020, had a fairly de minimis impact on the overall support award;

3. With respect to Father's income, the undersigned found that it was "incredulous" that Father's business could gross $762,412 but his W-2 Income only reflected a mere $15,300; reviewing the exhibits and transcript demonstrated that Father used the corporate bank account for both personal and business expenses; and thus, it was not an error by the Officer to include certain addbacks to Father's income;

4. It was also not an error for the Officer to add back depreciation, despite Father's claim that depreciation was depleted by 2019 and would not carry over, given that Father was significantly incredulous with respect to his overall income and finances;

5. Finally, it was not an error to exclude the theoretical tax consequences of the added back income as these tax implications were fictitious (given that Father had not even filed his 2020 tax return), and upon review of his 2019 tax return, he paid a mere $ 161 dollars in federal taxes as the sole owner of a business that grossed $762,412.37.

1925(a) Op. at 7-8 (footnotes and citation omitted). Father timely appealed.

Father raises the following issues:

A. Whether the [trial] court abused its discretion and committed an error of law in assessing marital income and assets resulting in an unjustifiable support order and distribution in violation of the divorce code and common law?

B. Did the trial court err in rejecting the Father's credibility of witness and evidence?

Father's Br. at 6 (suggested answers and unnecessary capitalization omitted).

Father's issues are related, and we will address them together.

Father first argues he proved the child support payments were "erroneously calculated given that the Court used an egregious earnings figure and failed to consider business and other deductions in deviation of the applicable statute and common law." *Id.* at 11. He claims the hearing officer and trial court had included in his income depreciation business equipment, without considering expenses that reduced his gross income.

He further claims the hearing officer included as income deductions from prior years, including tax deductions for depreciation and auto expenses. He claims the trial court erred in accepting the "officer's decision that the corporate debt and personal loans for the benefit of the company did not affect the Father's income and assets." *Id.* at 19. Father claims that the court's statement that his true income "appears intentionally designed to be a mystery and, in any other corporation, would never be tolerated," is biased and not based on facts. *Id.* Father maintains that the hearing was in February, before tax filing, and the court made "disparaging comments" that his taxes were not completed, even though Mother also had not completed her taxes. *Id.* at 21. Father further states that the trial court erred in denying a mortgage adjustment and in awarding costs for childcare expenses.[2]

---

[2] Father continues to make arguments regarding APL. However, as acknowledged in his response to the Rule to Show Cause, because a divorce decree has not been entered, the award of APL was an interlocutory order and we cannot review it at this time. Reply to Order to Show Cause, filed Aug. 31, 2021; *see also Leister v. Leister*, 684 A.2d 192, 193 (Pa.Super. 1996) (*en banc*) (APL is not appealable until all economic issues have been resolved).

Father next contends the court erred in failing to weigh the evidence and "thereby render[ed] an unfair support obligation." Father's Br. at 25. He claims the court incorrectly assessed the property value, even though he presented credible evidence. He asserts "the Hearing Officer decided without justification to include a depreciation deduction in the sum of $29,330 from the Father's business as income to him," and "refused to accept testimony as to the source of the depreciation." *Id.* at 27. He claims the Hearing Officer also refused to review the tax returns in detail, which would have revealed that the equipment was old and had very little value. He claims the decision failed to consider the substantial corporate debt of the company, including approximately $430,000 in debt and personal loans Father allegedly took for the company.

He also claims the court charged Father with unrealized income without considering expenses that reduced that income. For example, he claims the court charged $26,650 for income for reimbursed expenses without considering the expense for interest paid on loans and mileage, which, he claimed, "directly impacted the [Father's] gross income." *Id.* at 31. He maintains the court "imputed excessive income" without adjusting for the higher taxes that would be owed. He further claims he submitted evidence that the depreciation was not fictional but rather necessary to perform its purpose. Father also claims the vehicle was used for transporting equipment and the reverse mortgage lien reduced the value of the home. He claims his evidence was uncontradicted.

We review support awards for an abuse of discretion. *Spahr v. Spahr*, 869 A.2d 548, 551 (Pa.Super. 2005). "A finding that the court abused its discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality." *Id.* (quoting *Isralsky v. Isralsky*, 824 A.2d 1178, 1186 (Pa.Super. 2003)).

"Support orders 'must be fair, non-confiscatory and attendant to the circumstances of the parties.'" *Id.* at 552 (quoting *Fennell v. Fennell*, 753 A.2d 866, 868 (Pa.Super. 2000). If a spouse owns a business, "the calculation of income for child support purposes must reflect the actual available financial resources of the . . . spouse." *Id.* (quoting *Fitzgerald v. Kempf*, 805 A.2d 529, 532 (Pa.Super. 2002)). In addition, "all benefits flowing from corporate ownership must be considered in determining income available to calculate a support obligation." *Id.* (quoting *Fennell*, 753 A.2d at 868) (emphasis omitted). "[T]he owner of a closely-held corporation cannot avoid a support obligation by sheltering income that should be available for support by manipulating salary, perquisites, corporate expenditures, and/or corporate distribution amounts." *Id.* (quoting *Fennell*, 753 A.2d at 868).

The trial court addressed Father's appellate claims, concluding it did not abuse its discretion. The court found it was not error for the hearing officer to provide add-backs to Father's income to determine his actual cash flow, reasoning that Father admitted to not maintaining separate personal and business accounts, confirmed he was the sole owner of the company, and

testified that many of his personal expenses were deducted from his business. 1925(a) Op. at 13-15.

It further found the officer did not err by adding back into Father's income the depreciation from the 2019 tax return, as depreciation is not automatically deducted from gross income for child support purposes. *Id.* at 15-19. The court also explained it was not error to add back to Father's income his expenses for interest and mileage, noting interest on loans was not included in the items that should be deducted from monthly gross income, the expenses were not *bona fide* expenses, and Father did not prove the expenses increased his business income or were utilized for the business. *Id.* at 19-22. The court concluded it was not an abuse of discretion not to consider the tax consequences of the income decisions, reasoning any future tax consequences were theoretical. *Id.* at 22-23. The court further concluded it did not err in including the childcare expenses as Mother did not have to agree to use Father's mother as a childcare provider, the record contained no information as to her availability, and the cost was *di minimis*. *Id.* at 23-25. Finally, the court found it did not err in denying a reverse mortgage deviation, as Father owned the house, which was pre-marital property. *Id.* at 25-26.

After review of the briefs, the record, the relevant law, and the well-written opinion of the Honorable Daniel J. Clifford, we conclude his opinion properly disposes of all of Father's issues. We therefore affirm on the basis of the trial court's opinion. *Id.* at 13-26.

Order affirmed.

- 7 -

J-A11041-22

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/03/2022