J-S13031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| MICHELLE D. MOORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK T. HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 2930 EDA 2022 |

Appeal from the Order Entered October 21, 2022
In the Court of Common Pleas of Monroe County Civil Division at No(s):
643-DR-2020,
PACSES: 147300685

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                          **FILED JULY 17, 2023**

Mark T. Hernandez ("Father") appeals from the order of child support entered in the Court of Common Pleas of Monroe County that included in the calculation of his monthly net income $3,000 representing trust payments made to him during his marriage, despite Father's testimony that his mother controlled the trust and recently stopped making such payments to him.  After careful review, we affirm.

The trial court sets forth the pertinent facts and procedural history, as follows:

> [Michelle Moore ("Mother")] and [Father] were married on September 16, 2009.  There was one child born of the marriage. The parties have since separated [in September 2020], and Mother filed a Complaint in Divorce on February 16, 2021.  On January 29, 2021, Mother filed a Petition seeking support for the one minor child born of the marriage.  Subsequently, on July 20,

_____

* Former Justice specially assigned to the Superior Court.

2021, Father filed a Petition seeking alimony *pendente lite*. The petitions were combined for a hearing before the Support Master Richard James which was held on November 12, 2021.

After the support hearing, Master Richard James made a recommendation for Father to pay $859.00 for the period of January 29, 2021, to September 26, 2021. After September 26, 2021, Father was to pay $964.00 per month for the support of the minor child.

The Support Master also found that alimony *pendente lite* payments to Father were not warranted and his petition was dismissed. Additionally, under this recommendation, Mother was to be responsible for the first $250.00 of the minor child's uninsured medical expenses and Father was to be responsible for fifty percent of all other medical related expenses not covered by insurance. This Recommendation of the Master was adopted as an Order of the Court on January 4, 2022.

Trial Court Order and Opinion, 9/28/2022, at 1-2.

The Recommendation of the Support Master set forth the following rationale for including in Father's monthly support calculations the $3,000 in monthly payments from a multi-million-dollar trust[1] that he claimed he was no longer receiving:

Father received funds from two . . . sources [other than employment].

Until about September 2020, Father received $1,300.00 per month from his mother. This appears to be a gift. No entitlement to this money was shown and it will not be considered in the calculation of Father's income.

Until February 2021, Father received $3,000.00 as a trust beneficiary. The *testimony indicated* that [Father's] mother was in control of the trust and stopped the payments to him.

_____

[1] At the support hearing, Mother testified that the trust fund "has millions in it in property and assets that [Father] has drawn from continuously since the trust was set up." N.T., 11/12/21, at 14-15.

Coincidences are always a concern. It is noted that the trust payments ended at about the time Mother filed for child support.

Although [Father's] mother may control the trust and may be the person who distributes the trust money, the issue is not whether Father receives payments from the trust but whether he has the right and/or the ability to receive payments from the trust. *The trust document would reveal this, but such documents were not offered into evidence. Father did not provide credible evidence to show why his trust income ceased.*

*Father's testimony did not convince the Master that Father is unable to continue realizing income from the trust.*

Master's Findings, 12/23/21, at 1. The Master's Recommendation was adopted as an order of the trial court on January 4, 2022.

On January 24, 2022, Appellant filed one exception to the Order and Master's Recommendation, namely, that the Master erred in including monthly trust payments of $3,000 in his income after making a finding of fact that Appellant was not receiving such monthly payments. Upon review, the trial court disagreed, on the following reasoning:

In the Master's report, the Master stated the trust document would reveal if [Appellant] has the right or ability to receive payments from the trust. This document was not offered by [Appellant] into evidence at the time of the hearing before the Master. Without this document to substantiate [Appellant's] argument that he is not able to receive payments from the trust, it is up to the Master to determine the credibility of the [Appellant] through his testimony. After considering the Master's report and testimony of the parties, we conclude the [Appellant] did not demonstrate or offer corroborating evidence that he is not able or lacks the right to receive monies from the trust at issue. Therefore, [Appellant's] exception is denied.

Trial Court Opinion and Order, 9/28/22, at 4. This appeal followed.

Appellant raises one issue for this Court's consideration:

Did the trial court misapply the law in including the $3,000.00 that a parent previously received as a beneficiary of a trust controlled by his mother in that parent's net monthly income, and in calculating his support obligation based on this net monthly income, when the Support Master found that this parent's mother controlled the trust and that this parent stopped receiving these payments in February of 2021, resulting in these distributions being not actually available to this parent or received by this parent?

Brief of Appellant at 4.

Our standard of review for appeals regarding child support orders is whether there was an abuse of discretion. *See E.R.L. v. C.K.L.*, 126 A.3d 1004, 1007 (Pa. Super. 2015). "[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." *Id.* (citation omitted). Moreover, "[a]n abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." *J.P.D. v. W.E.D.*, 114 A.3d 887, 889 (Pa. Super. 2015).

Additionally, we adhere to the following principles whenever a trial court sits as the finder of fact in a support matter:

[This Court] must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses firsthand.

When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, and the court is free to choose to

- 4 -

believe all, part, or none of the evidence presented. This Court is not free to usurp the trial court's duty as the finder of fact.

***M.E.W. v. W.L.W.***, 240 A.3d 626, 634 (Pa. Super. 2020) (cleaned up).

The crux of Father's argument charges the trial court with abusing its discretion by including among his actual financial resources the trust income that he no longer actually receives. In this vein, he relies on ***Fennell v. Fennell***, 753 A.2d 866, 868 (Pa. Super. 2000), in which we addressed the issue of whether, for child support purposes, the father's net income should include his proportional share of retained earnings of a subchapter S corporation, even though the father did not take home any of these earnings.

Because the father did not actually receive the corporate distributions *and could not control whether the company would issue distributions or retain its earnings*, we held that the trial court erred when it considered the corporate retained earnings as income available for support. ***Id.*** at 869. We continued, "in situations where the individual with the support obligation is able to control the retention or disbursement of funds by the corporation, he or she will still bear the burden of proving that such actions were 'necessary to maintain or preserve' the business." ***Id***. (citation omitted).

The present facts are distinguishable from those in ***Fennell***. Whereas the father in ***Fennell*** had produced sufficient evidence to establish he neither received income designated as corporate retained earnings nor had the ability to control the disbursement of such earnings, Father in the case *sub judice* offered only his bare testimony that his mother controlled the trust and

stopped payments to him, without ever addressing whether he has the right to receive such payments.

As reproduced *supra*, the Master's Recommendation explained that he considered Father's testimony to be neither credible nor dispositive on the determinative question of whether Father could demand continued payments pursuant to the terms of the trust. Specifically, because the cessation of trust payments coincided with Mother's complaint in child support and Father failed to present the trust document to prove he had no right to demand the continuation of payments that he had received without interruption during his marriage, the Master concluded Father had failed to substantiate his claim of reduced income for purposes of calculating his child support obligations.

We agree that the present matter thus turns on the credibility determinations of the Master, which were adopted by the trial court. We have reviewed the record and the court's rationale in this regard, and we find no support for Father's claim that he had introduced sufficient evidence to establish that the trust income which he had long received was no longer available to him. Accordingly, as we discern no abuse of discretion below, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2023