J-A26023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WAYNE COUNTY CHILDREN AND YOUTH SERVICES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW GLUSHKO | : | |
| | : | No. 491 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered February 8, 2023
In the Court of Common Pleas of Wayne County Domestic Relations at
No(s):  2022-30251

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 25, 2024**

Andrew Glushko appeals *pro se* from the child support order entered in the Wayne County Court of Common Pleas. He claims the court abused its discretion in calculating his child support payments. We affirm.

In May 2022, Wayne County Children and Youth Services ("CYS") filed a complaint for child support against Glushko for the support of his child who was in CYS's custody. The trial court held a *de novo* hearing on the issue of child support on February 7, 2023. Following the hearing, on February 8, 2023, the court ordered Glushko to pay child support to the Pennsylvania

State Collection and Disbursement Unit in the monthly amount of $390, which included $380 child support plus $10 arrears. This appeal followed.[1]

Glushko raises the following question: "Whether the common pleas court erred or abused its discretion in calculating [Glushko's] child support payments?" Glushko's Br. at 4.

Glushko maintains that at the February 7, 2023 hearing, he testified that he is a self-employed contractor and "[i]n 2021[,] his net income was $12,917, including a depreciation deduction of $9,288 for that year." *Id.* at 5. He asserted that the deduction was for "equipment, machinery, and a vehicle that were necessary for [his] business operations." *Id.* He argues that he "made payments on loans for these same items in the amount of $12,000 per year: $500 per month on a personal loan for the equipment and machinery, $500 per month on a vehicle loan." *Id.* He maintains that these payments were not deducted as expenses from his tax returns, but instead depreciation of the items was taken over time. *Id.* Glushko also submitted his 2022 tax

---

[1] CYS moved to quash the appeal. It asserted that after Glushko had appealed, the trial court issued an order on May 23, 2023, terminating Glushko's monthly child support obligation and re-classifying the matter as an arrears-only case. *See* Mot. to Quash Appeal, filed Aug. 14, 2023, at ¶ 10. CYS argued that because the trial court had, in effect, rescinded its February 8, 2023 order, Glushko lacked standing to appeal. *Id.* at ¶ 12.

This Court denied the motion *per curiam*. *See* Order, filed Aug. 18, 2023. We explained that pursuant to Pa.R.A.P. 1701(a), after an appeal is taken, a trial court may no longer proceed further in the matter. Thus, we concluded that the trial court was without jurisdiction to enter the May 23, 2023 order and that the February 8, 2023 order was properly before this Court.

returns as evidence at the hearing, which demonstrated a net loss of $2,014 for that year, including a depreciation deduction of $5,573. *Id.* at 5-6.

Glushko concedes that the amount of child support that he was ordered to pay "is consistent with the Pennsylvania support guideline calculation for [his] 2021 net income if depreciation was added back into this income[.]" *Id.* at 6. However, he argues the trial court erroneously added back his depreciation expenses as income and did not account for his loan payments when calculating his income for support payments. *Id.* at 9. Glushko maintains that his "depreciation expenses were relevant to actual expenses that negatively affected his cash flow" and that "[n]either the lower court or hearing examiner opined that Glushko was incredulous or sheltering his income." *Id.* According to Glushko, "there was an actual negative impact on his cash flow necessary for his business's operations" and "these expenses should not have been added to his income when calculating his child support payments." *Id.* at 11.

We review a child support order for an abuse of discretion. *Silver v. Pinskey*, 981 A.2d 284, 291 (Pa.Super. 2009) (*en banc*).

Depreciation expenses, which are permitted under federal income tax law, are not automatically deducted from a party's gross income for purposes of determining a support award. *See Cunningham v. Cunningham*, 548 A.2d 611, 612 (Pa.Super. 1988). Rather, the trial court must consider the "actual disposable income of the parties[.]" *Id.* "Depreciation and depletion expenses should be deducted from gross income only where they reflect an

- 3 -

actual reduction in the personal income of the party claiming the deductions, such as where, *e.g.*, he or she actually expends funds to replace worn equipment or purchase new reserves." ***Id.*** at 613; ***see Fennell v. Fennell***, 753 A.2d 866, 868 (Pa.Super. 2000) (stating that this Court has "held repeatedly that deductions or losses reflected on corporate books or individual tax returns are irrelevant to the calculation of available income unless they reflect an actual reduction in available cash").[2]

Here, the trial court did not err in adding back Glushko's depreciation expenses as income. A review of the record reveals that Glushko failed to meet his burden of showing that the depreciation expenses resulted in an actual reduction in his personal income. Besides his own self-serving testimony, Glushko did not present any evidence that he had made the alleged loan payments or any other evidence of an actual reduction in his available income. ***See*** N.T., 2/7/23, at 18-21. The trial court evidently did not credit his testimony. Accordingly, the court did not abuse its discretion.

Order affirmed.

---

[2] ***See also Amato v. Amato***, 284 A.3d 893 (Table), 2022 WL 3088530, at *12 (Pa.Super. 2022) (unpublished mem.) (stating "[i]t has been a long accepted practice of adding back depreciation in child support cases as depreciation is a fictional expense that business owners are able to use on tax returns, over the passage of time, to reduce taxable income. It is a tax shield; not an actual expense. Accordingly, the burden is on the business owner, in a child support case, to demonstrate why it shouldn't be added back to income") (incorporating trial court's opinion) (emphasis removed).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/25/2024