**Ruth Victoria DENNIS, Appellant,**

v.

**Dennis WHITNEY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 29, 2003.

Filed March 8, 2004.

Brian Vertz, Pittsburgh, for appellant.

Gregory L. Heidt, Erie, for appellee.

BEFORE: FORD ELLIOTT, MUSMANNO and LALLY–GREEN, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Ruth Victoria Dennis ("Mother") appeals from the trial court's Order that required Dennis Whitney ("Father") to pay $300 per month for the support of their child, A.D. We affirm.

¶ 2 The trial court summarized the history underlying the instant appeal as follows:

On September 6, 2002, [Mother] filed a Complaint for Child Support. This Complaint was filed with regards to one minor child, [A.D.], born on July 23, 2002. Various conferences were held and interrogatories were served and answered by each party. A *de novo* hearing was held before this Court on April 28, 2003[,] to determine the amount of support [Father] would pay to [Mother] for their child. After consideration of [Father's] vocation and education, as well as [Mother's] income, this Court found that [Father] had a net monthly income of $1,379.37 and, in the best interest of the child, ordered [Father] to pay $300.00 in monthly support.

The thrust of this dispute is [Father's] earning capacity for child support calculations. Testimony indicated that [Father] has been managing Whitney Farms for his father since 1993. [Father] based his 2002 income on that in which [sic] he gained while working at this position. [Mother] disputes this income and contends [Father's] earning capacity is much higher based on his educational background. [Mother] argues that because [Father] received his Bachelor of Arts in Agricultural Engineering from Pennsylvania State University, his income should be based on what the average annual salary of an Agricultural Engineer working in Erie, Pennsylvania is, rather than the amount [Father] claims. [Mother] gets her figure for what the average annual income of an Agricultural Engineer is from a website: Pennsylvaniajobs.com.

While [Father] has obtained a Bachelor of Arts Degree in Agricultural Engineering, he has never worked as an Agricultural Engineer. He once held a position as a planning technician in York, Pennsylvania before 1993, making $10.00 an hour. However, [Father] testified there are no jobs in this specific field in the Erie area. Since his time at that position in York, [Father] testified he has been managing Whitney Farms for his father. [Father] has been in this position for essentially a decade and, therefore, based his income for support purposes on the amount of money he made managing Whitney Farms. In 2002, the year [on] which he based his income ... for the present case, [Father] states the farm suffered losses [due] to a hard freeze in May. [Father] also testified that he cannot just walk away from the family business because it will not survive financially. [Father] stated he has many outstanding contractual obligations which he must satisfy. Subsequently, his net monthly income for 2002 was $941.48 per month. [Mother] feels that [Father's] net monthly income is $3,455.93, based on the figure of $57,932.00, which is the average annual salary of an Agricultural Engineer. Due to this dispute, the parties were present at a hearing before this Court.

Trial Court Opinion, 6/26/03, at 1–2. After the hearing, the trial court entered an Order requiring Father to pay $300.00 per month in support. Thereafter, Mother filed the instant appeal.

¶ 3 Mother presents the following claim for our review:

Did the lower court err in determining [Father's] child support obligation based on his earnings as a farmer when he has a degree in agricultural engineering with a greater earning capacity, when he made no attempt to find a job in the field, and when he presented no evidence that a job was not available to him in that field[?]

Brief for Appellant at 2.

¶ 4 In *Christianson v. Ely*, 575 Pa. 647, 838 A.2d 630 (2003), the Pennsylvania Supreme Court set forth the following standard of review in child support matters:

In our appellate review of child support matters, we use an abuse of discretion standard. A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support ... or abused its discretion in applying these Rules. An abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused. This is a limited role and, absent a clear abuse of discretion, the appellate court will defer to the order of the trial court. A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence.

*Id.* at 634 (quotations and citations omitted).

¶ 5 Mother claims that the trial court erred when it based Father's child support obligation on his income as a farmer, rather than his earning capacity as an agricultural engineer. Mother asserts that Father has presented no credible evidence that he was unable to find work in the field of agricultural engineering, and that his earning capacity should be based upon his potential earnings as an agricultural engineer. In support of this claim, Mother directs our attention to this Court's decisions in *Kersey v. Jefferson*, 791 A.2d 419 (Pa.Super.2002), and *Portugal v. Portugal*, 798 A.2d 246 (Pa.Super.2002).

¶ 6 In *Kersey*, the father/appellant sought to modify his child support obligation based on the reduction in his income when he enrolled in medical school. In addressing the appellant's claim, this Court opined:

"Where a party voluntarily accepts a lower paying job, there generally will be no effect on the support obligation." Pa. R.C.P. 1910.16–2(d)(1). It is well settled that "to modify a support obligation based upon the reduced income, a petitioner must first establish that the voluntary change in employment which resulted in a reduction of income was not made for the purpose of avoiding a child support obligation and secondly, that a reduction in support is warranted based on petitioner's efforts to mitigate any income loss." *Grimes v. Grimes*, 408 Pa.Super. 158, 596 A.2d 240, 242 (1991). Effectively, Appellant "must present evidence as to why he or she voluntarily left the prior employment and also as to why the acceptance of a lower paying job was necessary." *Id.* Where a party willfully fails to obtain appropriate employment, his or her income will be considered to be equal to his or her earning capacity. Pa.R.C.P. 1910.16–2(d)(4). A determination of earning capacity must consider the party's age, education, training, health, work experience, earnings history, and child care responsibilities.

*Id.* at 423. In *Kersey*, this Court affirmed the trial court's determination that, while

the appellant did not voluntarily reduce his income in order to avoid his child support obligation, he failed to demonstrate why the acceptance of a lower paying job was necessary. In affirming the trial court, this Court opined that the duty of support is comparable to any other fixed obligation, "which one must consider being able to meet upon a change in employment and salary." *Id.* at 424 (quoting *Grimes,* 596 A.2d at 243).

¶ 7 In *Portugal,* the appellant/mother claimed that the trial court abused its discretion when it based her monthly income for support purposes on her earning capacity, rather than her actual monthly income. Mother had opened her own veterinary clinic, rather than working as an associate veterinarian at an established clinic. Applying the same analysis adopted by this Court in *Kersey,* this Court concluded that the trial court had not abused its discretion because the wife had "voluntarily assumed a lower paying position in the face of more lucrative opportunities." *Portugal,* 798 A.2d at 250. We further opined that "[t]o hold otherwise would permit Wife to subordinate the immediate financial needs of her children to her own aspirations." *Id.*

¶ 8 In the present case, unlike the factual scenarios presented in *Kersey* and *Portugal,* Father did not voluntarily reduce his income by accepting a lower paying position, nor did he accept a lower paying job in the face of more lucrative opportunities. The evidence of record established that Father had been in his present position since approximately nine years prior to the birth of his child. *See* N.T., 4/28/03, at 37. In addition, the evidence established that Father had never worked as an agricultural engineer. *Id.* at 36–37. Finally, Father testified at the hearing that there are no jobs in the field of agricultural engineering in the vicinity of Erie.

N.T., 4/28/03, at 61. Thus, the facts of the instant case are not comparable to those presented in *Kersey* and *Portugal.*

¶ 9 In its Opinion, the trial court stated the following:

> This Court finds it unreasonable for [Father] to abandon his family business to pursue the possibility of finding employment that would match the average annual income of an Agricultural Engineer. [Father] is not willfully failing to obtain appropriate employment in an attempt to frustrate [Mother's] attempts to receive adequate support. [Father] has worked long hours for little pay to keep his family's business viable, as well as to earn an income for his family. In no way can it be said that [Father] recently began this vocation to lower his support payments. The Court acknowledges these efforts and understands the difficulty facing farms and their industry in the present economic climate. [Father] obtained an education to become a more efficient farmer in order to run his family's business. [Father] is, quite simply, doing the best he can.

Trial Court Opinion, 6/25/03, at 3–5. After reviewing the evidence of record, we agree with the trial court's rationale and discern no abuse of discretion in the trial court's calculation of Father's earning capacity and support obligation.

¶ 10 Order affirmed.