J-A23012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHEENA BAKER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS BAKER, | : | |
| | : | |
| Appellee | : | No. 852 WDA 2014 |

Appeal from the Order May 12, 2014
in the Court of Common Pleas of Venango County,
Domestic Relations Division, D.R. No. 24 of 2012;
PACSES No. 320113017

BEFORE:  GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 23, 2015**

Sheena Baker ("Mother") appeals from the Order of the trial court assigning to Douglas Baker ("Father") a net income of $1,000.00 per month, and requiring Father to pay child support in the amount of $133.00 per month from February 2013 through July 2013, and after applying an amendment to the support guidelines, requiring Father to pay $62.00 per month from August 2013 forward.  We affirm.

Mother and Father married on August 19, 2006.  The parties have one son ("Child"), who was born on in October 2007.  Mother and Father separated on August 20, 2011, after which Child resided with Mother.  The trial court entered a divorce Decree in January 2013.

While the parties were separated, Mother filed a Complaint for child support.  On February 14, 2012, the parties reached an agreement whereby

Father would pay child support in the amount of $400.00 per month, beginning that same date. The trial court entered an Order reflecting the parties' agreement.

On February 6, 2013, Father filed a Petition to modify the February 2012 support Order. In his Petition, Father alleged the following:

> [Father] requests [that] the monthly child support amount be reviewed as he is no longer responsible to pay [Mother] insurance on his business garage that was calculated into the current court[-]ordered support total.

Petition for Modification, 2/6/13, ¶ 2.

Ultimately, the matter proceeded to a hearing before a Domestic Relations hearing officer (the "Hearing Officer"). After a hearing, the Hearing Officer assigned to Father a monthly net income of $1,905.40. Hearing Officer Report and Recommendation, 6/27/13, at 4. In doing so, the Hearing Officer explained that "[Father] is self-employed as a mechanic. His 2012 tax return shows net income for the year of $265.00. This is unreasonable. He did receive lease income in prior years[,] but does not now have that income." *Id.* Consequently, the Hearing Officer recommended that Father pay $465.59 per month in child support. *Id.*

Father filed Exceptions to the Report and Recommendation of the Hearing Officer. After argument on the Exceptions, the trial court entered an Order remanding the matter to the Hearing Officer. Trial Court Order, 9/11/13, at 1. The trial court directed the Hearing Officer to conduct

another hearing, and "thereafter specifically indicate how he arrives at any wage that he assigns to [Father]." *Id.*

After a hearing on remand, the Hearing Officer, crediting Mother's testimony, found that "a qualified auto mechanic with [Father's] experience should be capable of earning at least $15.00 per hour." Interim Order, 11/7/13. The Hearing Officer issued the following explanation in support of this finding:

> As to the determination of [Father's] earning capacity, the [H]earing [O]fficer is disregarding [Father's] actual earnings[,] as evidenced by his tax returns and his testimony concerning his eligibility for public benefits. … The [H]earing [O]fficer finds credible the testimony of the conference officer who investigated the issue of earning capacity resulting in [Mother's] Exhibit A. [Father] has been in business for a number of years and should have acquired the tools and experience necessary to justify a finding of an earning capacity of $15.00 per hour. The reasonableness of an earning capacity of $15.00 per hour was also supported by the testimony of a witness experienced in the management of an automobile repair shop including the rates of pay of various experienced mechanics.

*Id.* at 2.

Father timely filed Exceptions. After oral argument, the trial court concluded that the Hearing Officer had erred in assigning a wage to Father. Child Support Order, 2/28/14, at 1. The trial court reasoned that Father had worked in his present position, as a self-employed mechanic, for eight or nine years. *Id.* The trial court additionally offered the following rationale for not adopting the findings of the Hearing Officer:

> It is clear from the evidence that [Father] was working in the capacity as a self-employed auto-mechanic while the parties resided together ….
>
> The court hereby finds that [Father] did not change positions and did not seek out a lower paying position to frustrate the purposes of the obligation of child support or to frustrate [Mother] from obtaining child support from [Father]. [Father] was merely working in the same capacity he had been working in all along and while the parties were together….

*Id.* at 2. The trial court again remanded the matter and directed the Hearing Officer to calculate Father's support obligation, based upon Father's income "as submitted during the prior hearings[,] and said obligation shall be retroactive to the original hearing to adjust child support." *Id.* at 3.

However, upon the Motion of Mother, the trial court entered a final Order finding Father's net monthly income to be $1,000. Trial Court Order, 4/29/14, at 1. The trial court's Order calculated Father's support obligation, from February 2013 through July 2013, to be $133.00 per month, and from August 2013 forward to be $62 per month. Mother filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

> Mother now presents the following claim for our review:
>
> Did the [trial] court err as a matter of law or abuse its discretion in rejecting the determination of the [Hearing Officer] that [] Father has an earning capacity of $15 per hour[,] and otherwise err in determining that his monthly net income is only $1,000?

Brief for Appellant at 2.

Mother argues that, by statute, "the [child support] guidelines shall place primary emphasis on the net incomes and earning capacities of the parties." 42 Pa.C.S.A. § 4322(a) (emphasis omitted). Mother directs our attention to Pennsylvania Rule of Civil Procedure 1910.16-2(d), and argues that, "[a]lthough a person's actual earnings usually reflect his earning capacity, where there is a divergence, the obligation is determined more by earning capacity than actual earnings." Brief for Appellant at 5 (emphasis omitted) (quoting *Mencer v. Ruch*, 928 A.2d 294, 299 (Pa. Super. 2007). According to Mother, there is an obvious "divergence" between Father's asserted annual income and "what he is realistically capable of earning as an experienced, trained, licensed, certified auto mechanic." Brief for Appellant at 5. Mother directs our attention to Father's testimony regarding his age, education, work experience and certifications. *Id.* at 6. Mother further directs our attention to evidence regarding local wage rates for auto mechanics and mechanics with Father's qualifications. *Id.*

Mother also contends that the trial court erred when it relied upon this Court's decision in *Dennis v. Whitney*, 844 A.2d 1267 (Pa. Super. 2004), arguing that the *Dennis* case is distinguishable. Brief for Appellant at 7. In *Dennis*, Mother asserts, although the father had a bachelor's degree as an agricultural engineer, he had not worked in that field and there were no jobs available in that field. *Id.* at 7. Mother asserts that in *Dennis*, unlike in

the instant case, the court addressed whether the father should be forced to stop working on the family farm to pursue non-existent work. *Id.*

Finally, Mother takes issue with the trial court's rejection of the findings of the Hearing Officer. *Id.* Mother asserts that in *Dennis*, unlike in the instant case, the trial court heard the evidence *de novo*, rather than merely reviewing the findings of the Hearing Officer. *Id.* Mother disputes the trial court's finding that Father is "doing the best he can," arguing that "[t]here is nothing to support this conclusion, which was made without the benefit of having been the trier of fact." *Id.*

"In reviewing a support order, we are limited to considering whether[,] based on clear and convincing evidence[,] the trial court abused its discretion." *Grigoruk v. Grigoruk*, 912 A.2d 311, 313 (Pa. Super. 2006).

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 853-54 (Pa. Super. 2012) (citations omitted).

Generally, the amount of support to be awarded is based upon the parties' monthly net income. Pa.R.C.P. 1910.16-2. However, "[i]f the trier

of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity." Pa.R.C.P. 1910.16-2(d)(4).

> Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity. In order for an earning capacity to be assessed, the trier of fact must state the reasons for the assessment in writing or on the record. Generally, the trier of fact should not impute an earning capacity that is greater than the amount the party would earn from one full-time position. Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P. 1910.16-2(d)(4); *see also Gephart v. Gephart*, 764 A.2d 613, 614-15 (Pa. Super. 2000) (explaining that a person's earning capacity is defined not as the amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training).

A party may not voluntarily reduce his or her income in an attempt to circumvent a support obligation. *Woskob v. Woskob*, 843 A.2d 1247, 1253-54 (Pa. Super. 2004). However, where a parent has not voluntarily reduced income to avoid more lucrative career opportunities, but has consistently performed a lower paying job from before the birth of a child,

the trial court does not abuse its discretion in calculating earning capacity based upon the lower paying job. ***Dennis***, 844 A.2d at 1270.

In ***Dennis***, the mother sought to have the father held to a higher earning capacity, because the father had a Bachelor of Arts degree in Agricultural Engineering. ***Id.*** at 1268. The trial court declined to assign a higher earning capacity to father. ***Id.*** On appeal, this Court affirmed, observing that

> [the f]ather did not voluntarily reduce his income by accepting a lower paying position, nor did he accept a lower paying job in the face of more lucrative opportunities. The evidence of record established that [the f]ather had been in his present position since approximately nine years prior to the birth of his child. In addition, the evidence established that the [f]ather had never worked as an agricultural engineer. Finally, the [f]ather testified at the hearing that there are no jobs in the field of agricultural engineering in the vicinity of Erie....

***Id.*** at 1270. This Court further discerned no abuse of discretion, where the trial court found that the father had not willfully failed to obtain appropriate employment in order to frustrate the mother's attempts to receive adequate support, or that the father had only recently "began this vocation to lower his support payments." ***Id.***

In the instant case, Father presented evidence that he has children, ages fourteen and eight years old, with Kathryn Lynch ("Lynch"). N.T., 10/22/13, at 10. Although there is no child support order or agreement with regard to these children, Lynch testified that Father provides support in the form of co-payments for insurance, and the purchase of prescription drugs

and all school clothing, totaling about $100 per month. *Id.* at 10, 12. According to Lynch, she and Father split custody of the children, with each parent having the children every other week. *Id.* at 10.

Father also presented evidence that he and Jennifer Porter ("Porter") currently share a residence, and together, they qualify for assistance from Pennsylvania's Department of Public Welfare. *Id.* at 13. Father presented his application for public welfare assistance, which stated that Father received gross wages of $1,231.25 per month. *Id.* Father also testified that his monthly gross income is approximately $1,200 per month. *Id.* at 16. However, Father further testified that he uses some of his gross earnings to pay business expenses for his automobile repair business, the Rage Automotive Shop. *Id.* According to Father, his gross income barely pays the expenses for his business. *Id.* at 32.

Father further testified as to his certifications for advanced engine repair, as well as for chassis, brakes and air-conditioning work. *Id.* at 25. Father stated that he has never worked for an automobile dealership or for any other garage. *Id.* In explaining why he did not seek other, full-time employment, Father testified as follows:

> I do have other medical conditions that would prohibit me from doing other heavy physical labor, I mean, when I was 17[,] I had a car accident, broke my back in six places, my hip in three places, my jaw, I was paralyzed and so forth, so I do have limitations. So by being self[-]employed[,] I can pace myself at the speed I need to be.

*Id.* at 33. Father also explained that the time he is actually able to bill an hourly rate varies. *Id.* According to Father, "[i]t varies a lot, by the time you deal with the customers during the day, you call the parts stores and wait for the deliveries and so forth, … even though you were there for eight hours[,] you may only work three hours a day on a car…." *Id.* at 34. As a result, Father explained, he may only bill about 10 hours per week at $35.00 per hour. *Id.* Although Mother presented evidence that Father could earn more elsewhere, the trial court found that Father did not willfully fail to obtain or maintain appropriate employment. *See* Trial Court Opinion, 8/20/14, at 3.

This Court has held that the "credibility to be assigned the parties' testimony and supporting exhibits lies initially with the hearing officer and the trial court." *Sirio v. Sirio*, 951 A.2d 1188, 1195 (Pa. Super. 2008). Although the trial court's scope of review is limited to evidence received by the hearing officer, the trial court is obligated to conduct a complete and independent review of the evidence when ruling on exceptions. *Id.* at 1196; *see also Cunningham v. Cunningham*, 548 A.2d 611, 613-14 (Pa. Super. 1988).

Here, the trial court determined that "Father did not actively do anything to alter his earnings or to frustrate the system[,]" and "simply continued to work in the same position that he had been working all along." Trial Court Opinion, 8/20/14, at 3; *see also Dennis*, 844 A.2d at 1270.

Because the record supports the trial court's findings, and there is no clear and convincing evidence that the court abused its discretion, we cannot grant Mother relief on her claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2015